**Gloria Jean COOTE, Appellant,**

v.

**Donald R. COOTE, Appellee.**

No. 18169.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 6, 1979.

Rehearing Denied Jan. 3, 1980.

Andrew L. Vogel, Fort Worth, for appellant.

Joe D. Taylor, Fort Worth, for appellee.

OPINION

SPURLOCK, Justice.

The wife of a military officer appeals from the property division portion of their decree of divorce. The basic question for review is whether the trial court abused its discretion in failing to award the wife any portion of the military retirement benefits if, as, and when the husband receives them.

We affirm.

Gloria and Donald Coote were married in 1960. Lieutenant Colonel Coote had been in the United States Air Force eleven months at the time they were married. The couple had moved numerous times as Coote had been transferred to different bases in several states and overseas. At the time of the divorce the couple had two minor children.

In March, 1976, Coote was transferred from Carswell Air Force Base, Texas, to Offutt Air Force Base, Nebraska. Mrs. Coote and the children remained in Fort Worth. While in Nebraska, Coote instituted a legal separation proceeding there. Under the terms of the separation, he provided temporary alimony and child support.

Mrs. Coote filed this suit for divorce in Tarrant County, Texas. The case was tried to the court without a jury. The trial court granted her a divorce, appointed her managing conservator of the children, and ordered Coote to pay child support in the amount of $650.00 per month. The amount of the support obligation does not decrease when the first of the two children is emancipated.

The trial court divided the estate of the parties. Mrs. Coote's synopsis of the court's division is as follows:

### Mrs. Coote

| | |
|---|---|
| Net home equity | $31,942.00 |
| Furniture in home in Fort Worth | * |
| 1975 Honda automobile | * |
| 1954 MG automobile | 2,000.00 |
| ½ bank accounts | 1,589.00 |
| Jewelry | 700.00 |
| Total | $36,231.00 |

### Lt. Col. Coote

| | |
|---|---|
| Military retirement benefits | $330,480.00 |
| Furniture in Nebraska | 4,200.00 |
| 1975 Honda automobile | * |
| Real Estate stock investment | 0 |
| Insurance policies | 1,500.00 |
| Stereo | 1,300.00 |
| ½ bank accounts | 1,589.00 |
| Total | $339,069.00 |

* No evidence of value in record.

In placing a value on Coote's military retirement benefits, Mrs. Coote multiplied the benefits accrued up to the time of the divorce by his life expectancy at his earliest retirement date. Coote contends there is no evidence in the record to support this valuation which he further claims is exaggerated.

The record reflects that he was commissioned in 1959 and called to active duty later that year. Thus he will have twenty years of service in 1979. While we do not pass on whether her valuation is correct, it appears that if he lives to his life expectancy, Coote will receive benefits in an amount significantly greater than the amount of the equity Mrs. Coote received through the award of the residence.

It is on this basis that Mrs. Coote claims that the trial court abused its discretion in failing to award her any portion of the retirement benefits. Germane to this contention are her complaints of some evidentiary rulings of the trial court. She alleges error in the admission of exhibits which appear to be photostatic copies of pages from Martindale-Hubbell Law Digest by which Coote attempted to furnish the trial judge sufficient information to enable the court to take judicial notice of the marital property laws of some of the other states where the couple lived. She also asserts the trial court erred in admitting evidence of Coote's military residence for tax purposes.

■ It is clear that by offering this evidence Coote was attempting to prove that the trial court should characterize portions of the retirement benefits as his separate property. We conclude errors in the admission of the evidence complained of, if any, are harmless under Tex.R.Civ.P. 434 for at least three reasons. First, because the trial was to the court without a jury, the presumption arises that the court made its decisions considering only admissible evidence even though it may have allowed some inadmissible material in evidence. There is nothing in the record indicating the trial court considered any inadmissible evidence. Thus Mrs. Coote has failed to rebut this presumption.

Secondly, because Mrs. Coote prosecuted her appeal without findings of facts and conclusions of law we are unable to know with certainty how the trial court characterized the retirement benefits. It is initially presumed where no findings of fact and conclusions of law are made that the trial court correctly characterized these benefits and made a just and right property division. Third, in view of the fact that military retirement benefits are personal property rather than real estate, any error in mischaracterizing the benefits would be harmless, if in the final analysis, the property division is just and right. *Crowell v. Crowell*, 578 S.W.2d 562 (Tex.Civ.App.— Fort Worth 1979, no writ). We conclude that the error alleged, if any, would at most result in a mischaracterization of the retirement benefits and thus be harmless error.

■ A more important consideration is whether the trial court abused its discretion in making the property division. There is no real disagreement between the parties as to the Texas law concerning property division of marital estates which include military retirement benefits. Military retirement benefits earned during the marriage are community property subject to division upon divorce. *Cearley v. Cearley*, 544 S.W.2d 661, 665 (Tex.1976). Although benefits earned while the couple lived in a state or foreign country may be properly characterized as the separate property of the serviceman, these benefits are still divisible, under proper circumstances, like any separate personal property to effect a just and right property division.

■ While it is well settled that military retirement benefits earned during the marriage are earned with the assistance and support of the civilian spouse, it is equally well settled that the mere fact a community asset is not divided equally or at all does not constitute an abuse of discretion. In arriving at a just and right property division the trial court considers many factors. They include the relative earning capacities, business experience, and education of the parties; the size of their separate estates; fault in the break up of the marriage, and the benefits the innocent spouse would have received but for the divorce. *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

■ Here, Coote had the majority of earning capacity and business experience.

Mrs. Coote's employment experience is very limited. There is no evidence in the record that either party has a separate estate, other than the claimed military retirement discussed above. Coote is 43 years of age. Mrs. Coote is 42 years of age. The only evidence in the record as to their physical conditions is that in months of high pollen levels Mrs. Coote has sinus trouble. Although Mrs. Coote pled abandonment, she relied on and proved the no fault ground for her divorce at trial.

From the record in this case it is clear that the two community assets of real significance are the residence and the military retirement benefits. It is also clear that Mrs. Coote's needs for support and maintenance were immediate. Without securing some means of present income Mrs. Coote's standard of living will be substantially reduced. Faced with this situation the trial court awarded her the bulk of the property then readily available for use to provide for her immediate needs. She received the Fort Worth residence and all the furnishings therein, two automobiles, and one-half the bank accounts. By her own valuation she received well in excess of $36,000.00.

In terms of property readily available for use, the trial court awarded the Lieutenant Colonel the furniture he had accumulated in Nebraska, an automobile, and one-half the bank accounts and other assets which Mrs. Coote values at $8,589.00. The military retirement benefits, although they may have some present value, are contingent benefits in that they are receivable in futuro upon several conditions. It also appears that Coote's financial condition prevents the trial court from awarding Mrs. Coote any lump sum or other cash payment in lieu of a portion of the military retirement benefits.

We do not find that a clear abuse of discretion has been shown in the failure of the trial court to award her a portion of the retirement benefits if, as, and when received. It is clear that such an award would not provide Mrs. Coote any assistance or benefit either immediately or for some undetermined amount of time to come. It is possible that even if awarded a portion of the benefits, Mrs. Coote might never receive any of them.

While it is clear that it would not have been an abuse of discretion to award Mrs. Coote a portion of the retirement benefits, this is not the test of an abuse of discretion on appeal. It is well settled that the trial court is vested with wide discretion in cases like this because the trial judge is in the best position to make the necessary determinations. Once these determinations are made they are not to be disturbed absent the showing of a clear abuse of discretion. No such showing has been made.

We have severally considered each point of error presented in complaint of the trial court's judgment. Each point of error is overruled.

The judgment of the trial court is affirmed.

HUGHES, J., dissents.

HUGHES, Justice, dissenting.

I respectfully dissent.

The record shows an abuse of discretion. The trial court did not award Mrs. Coote a share of the retirement benefits acquired after 18 years of marital effort. Therefore, the property division was manifestly unjust and unfair.

It is immaterial whether or not the trial court found the retirement benefits to be separate or community property. The fact that some portion of them was acquired in states which have a "common law" system does not ipso facto make them into separate property as that term is defined by the Texas Constitution. All but eleven months of them were acquired (by community effort, as we understand that term in Texas) while the couple were married, and they came into this state with Mrs. Coote's equitable rights attached to them. "A decision that a change of domicile from a common-law jurisdiction to Texas divested the wife of all of her equitable rights in the property acquired by her in the state of origin of the property would *deprive her* of property rights without due course of law." Sampson, "Common Law Property in a Texas

Divorce: After Eggemeyer, the Deluge?" 42 Tex.B.J. 131 at 134 (1979).

Given Mrs. Coote's age, probable earning capacity, health, necessity of supporting her two children until they get out of high school (past their 18th birthdays when Coote's support obligations end), and the childrens' educational and emotional problems, it was an abuse of discretion to deny her a share of what I view as the principal asset of this marital estate. See *Cearley v. Cearley*, 544 S.W.2d 661 at 666 (Tex.1976).

While Mrs. Coote got the lion's share of the marital property, she obviously was left out totally in the matter of the retirement benefits, (which the majority calls one of "the two community assets of real significance"). We should not ignore the fact that, even received on an if, as, and when basis, a military pension could yield several times the value of all the rest of the parties' property. I believe the record is clear that Mrs. Coote's retirement needs are as great as Coote's. Further, in adjusting the equities on the retirement benefits which are contingent, the trial court could also balance them on the other property which is in hand (and where Lt. Col. Coote was on the short end).

This judgment should be reversed and the cause remanded for a more equitable property division. *McKnight v. McKnight*, 543 S.W.2d 863 at 868 (Tex.1976).