Gary Kent GALBRAITH, Appellant,

v.

Sally Jane GALBRAITH, Appellee.

No. 8884.

Court of Civil Appeals of Texas, Texarkana.

June 16, 1981.

Jim Ammerman II, Ammerman & Ammerman, Marshall, for appellant.

Ronald Ned Dennis, Dennis & Proctor, Marshall, for appellee.

CORNELIUS, Chief Justice.

Appellant instituted this action seeking to obtain an annulment of his marriage to appellee. He alleged that he was entitled to an annulment because at the time of his marriage to appellee she was prohibited from entering into a marriage by virtue of the provisions of Tex.Family Code Ann. § 3.66[1] and because appellee had induced him to marry her by fraud and duress, and had concealed the fact that she had previously been divorced. The latter two occurrences constitute grounds for annulment by virtue of §§ 2.44 and 2.46 of our Family Code.[2] Appellee filed a plea in abatement

---

1. "§ 3.66. Remarriage

"Neither party to a divorce may marry a third party for a period of thirty days immediately following the date the divorce is decreed, but the parties divorced may marry each other at any time."

2. "§ 2.44. Fraud, Duress, Force

"On the suit of a party to a marriage, the marriage is voidable and subject to annulment if:

(1) the other party used fraud, duress, or force to induce the petitioner to enter into the marriage; and

(2) the petitioner has not voluntarily cohabited with the other party since learning of the

fraud or since being released from the duress or force."

"§ 2.46. Concealed Divorce

"(a) On the suit of a party to a marriage, the marriage is voidable and subject to annulment if:

(1) the other party was divorced from a third party within the thirty day period preceding the day of the marriage ceremony;

(2) at the time of the marriage ceremony, the petitioner did not know, and a reasonably prudent person would not have known, of the divorce; and

(3) since the petitioner discovered, or a reasonably prudent person would have discovered,

and plea in bar to appellant's petition. The pleas were heard at the same time as all other issues on the merits and the trial court rendered judgment overruling the pleas and denying the annulment. Appellant asserts nine points of error.

The parties began living together in Shreveport, Louisiana, in August of 1975 while they were both married to other persons. Appellee was divorced from her husband, Howard Sample, in Harris County, Texas. The trial judge granted the uncontested divorce by oral pronouncement at a hearing held on March 12, 1976, but did not sign the written decree until March 24, 1976. The oral pronouncement was not interlocutory. Appellant was divorced from his wife, Barbara Shaffer Galbraith, in Shreveport, Louisiana. The hearing was held on April 13, 1976, and the written decree was signed on April 14, 1976. Immediately after his divorce hearing on April 13, appellant drove to Denton, Texas, and married appellee that same day. He admitted that he knew of appellee's previous marriage and divorce, but testified that he did not find out about her alleged violation of the prohibition of § 3.66 until December of 1979. Appellant filed for divorce from appellee in Caddo Parish, Louisiana, on August 16, 1979, and on October 15, 1979, he filed for annulment in Caddo Parish, Louisiana, under the same cause number. Those actions were still pending as of January 30, 1980. Appellant testified, however, that the Louisiana court granted him a divorce from appellee on September 19, 1979. The following day he returned to Denton, Texas, where he married his current wife, Elsie N. Galbraith.

■ Appellant's first two points of error urge that the undisputed evidence established that appellee's marriage to him prior to the expiration of the 30-day waiting period prescribed by § 3.66 constituted an impediment to their marriage which rendered it voidable and subject to annulment. See Gress v. Gress, 209 S.W.2d 1003 (Tex.

Civ.App.—Galveston 1948, writ ref'd n. r. e.), and authorities there cited. These points are overruled. The evidence shows, and the trial court here found as a fact, that a non-interlocutory oral pronouncement of a judgment of divorce was made by the trial court in appellee's divorce on March 12, 1976, more than 30 days prior to her marriage to appellant. Although the written decree was not signed until March 24, 1976, the divorce was fully effective for all purposes, except calculation of the times for appeal, at the time it was pronounced from the bench. Dunn v. Dunn, 439 S.W.2d 830 (Tex.1969); Baugh v. State, 402 S.W.2d 768 (Tex.Cr.App.1966); Louwien v. Dowell, 534 S.W.2d 421 (Tex.Civ.App.—Dallas 1976, no writ); Tex.R.Civ.P. 306a. Furthermore, the trial court found, and there is evidence to support its findings, that appellant knew of appellee's divorce at the time of his marriage to her, that since his knowledge thereof they have cohabited together, and more than one year had elapsed between the parties' marriage and the bringing of this suit. Consequently, under § 2.46, appellee's divorce, even if within 30 days of her marriage to appellant, would not render their marriage voidable.

■ Appellant also urges that the trial court erred in rendering judgment against him on the merits because appellee's pleas were only in bar or in abatement and were not sufficient to support a judgment on the merits. We disagree. Appellee's original plea in abatement was amended and supplemented several times before trial, and ultimately her pleas contained general and specific denials of the factual allegations forming the basis of the merits of appellant's suit. By the time the hearing was held the parties' pleadings adequately joined the issues upon which full evidence was received. In these circumstances we perceive no reversible error.

■ Appellant also asserts that he was entitled to judgment on the duress issue because he testified that he married appel-

---

the fact of the divorce, the petitioner has not voluntarily cohabited with the other party.

(b) A suit may not be brought under this section more than one year after the date of the marriage."

lee only because she threatened to testify against him in a custody suit involving his children of a former marriage, and since appellee did not deny his testimony the evidence on that point was conclusive and must have been accepted as true. This assertion is overruled. First, appellee specifically denied that she made any such threat. Second, appellant's testimony on the point was not so clear and free of circumstances tending to impeach it as to take it out of the rule that an interested witness' testimony, although uncontradicted, only raises a fact issue.

 Points of error 6 and 7 complain of the trial court's findings of fact 6 and 10. Finding number 6 was that appellant and appellee accumulated substantial property in the State of Louisiana. Number 10 was to the effect that appellant entered into his present marriage while still seeking dissolution of his marriage to appellee. These findings, even if unsupported by the evidence, are irrelevant to the issue of appellant's entitlement to an annulment, which was the only relief he sought in this proceeding, and thus would not constitute reversible error in any event.

The last two points of error complain that the trial court erred in denying appellant's motion to receive additional testimony and in failing to hear all of the evidence before a judgment was decided upon.

The trial court has broad discretion in determining whether or not to reopen proceedings to allow the presentation of additional testimony. The trial court's discretion in that regard will not be disturbed by the appellate court unless it appears that a clear abuse of such discretion has occurred. *Musick v. Musick*, 590 S.W.2d 582 (Tex.Civ.App.—Tyler 1979, no writ); *Zodiac Corporation v. General Electric Credit Corporation*, 566 S.W.2d 341 (Tex. Civ.App.—Tyler 1978, no writ); *Matter Of Marriage Of Murphy*, 561 S.W.2d 592 (Tex. Civ.App.—Amarillo 1978, no writ). In his motion to reopen, appellant claimed surprise and that he had no opportunity to present evidence to rebut appellee's testimony, but he did not make these claims at the trial or prior to the rendition of judgment, and his motion to reopen was not made until a month after the judgment was signed. There is also no showing that he was in any way denied the opportunity to conduct pretrial discovery. In these circumstances no reversible error is shown. The allegation that the trial court failed to consider all the evidence produced at the hearing is not borne out by the record. The fact that the trial judge began to develop and express certain opinions as to the validity of the legal issues involved before all the testimony was in does not mean that he failed to consider all of the evidence and legal issues in making his ultimate findings and conclusions. Those findings and conclusions are supported by the record and must be affirmed.

The judgment of the trial court is affirmed.