**Glenda M. STEPHENS, Appellant,**

v.

**Hubert STEPHENS, Jr., Appellee.**

No. 18506.

Court of Appeals of Texas, Fort Worth.

Dec. 3, 1981.

Clayton Kramer, Wichita Falls, for appellant.

The Wesbrooks-Yandell Firm, P.C., and Perry Wesbrooks, Wichita Falls, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

MASSEY, Chief Justice.

Hubert Stephens Jr. filed suit for divorce against Glenda M. Stephens in a case where by the judgment the parties were divorced and the property divided by decree signed and entered November 5, 1980. The wife, Glenda W. Stephens, has appealed the property division decreed.

We affirm.

Hearings antecedent to entry of the decree in November were held on four successive dates in 1980: February 22, April 7, April 12, and April 23. Recitation in the November 5 decree worthy of note at this point was as follows:

"It is therefore ORDERED, ADJUDGED AND DECREED:

"1. That the bonds of matrimony heretofore existing between petitioner Hu-

bert Stephens Jr. and respondent Glenda M. Stephens be and hereby are dissolved, and a divorce is granted to petitioner, effective February 22, 1980, on the ground of incompatibility or conflict of personalities only."

Although not specifically reciting such, it is apparent from the text of the judgment that date of February 22, 1980, was that upon which the court deemed it proper to make and did make the division of property between the parties. In other words, that which occurred was a somewhat lengthy period after the last hearing during which the court considered the property division appropriate to be made (as of February 22, 1980) before deciding upon the final decree on November 5. On that late date the court received further evidence, no part of which had relation to subsequently accumulated property, either separate or community, and the court admitted all the evidence then tendered. It was the day judgment was signed and entered on November 5, 1980 the parties became legally divorced one from the other. From the record it was on February 22, 1980, that there was oral pronouncement of divorce, to which, at the time, there was agreement by both the husband and the wife. Thereafter was expiration of a little over eight (8) months before the date of the judgment. On appeal it is the theory of the wife that during such period additional community was accumulated by the parties appropriate to be taken into consideration in the property division. If there was any additional community property it was not proved nor offered to be proved for purposes of the record. Of the failure to take into consideration for purposes of final judgment any additional community property, the existence of which the wife is convinced, she has made material complaint on appeal.

Of some interest is the fact that on motion of the wife the husband was ordered to pay alimony to her during the pendency of the appeal and it is presumed that he has complied. Further, in the Conclusions of Law the court stated that in dividing the property the equity considerations set forth in *Coote v. Coote*, 592 S.W.2d 52 (Tex.Civ. App.—Fort Worth 1979, writ ref'd n.r.e.) should be applied; and apparently the court did apply them. We quote from such opinion (p. 54) as follows:

"In arriving at a just and right property division the trial court considers many factors. They include the relative earning capacities, business experience, and education of the parties; the size of their separate estates; fault in the break up of the marriage, and the benefits the innocent spouse would have received but for the divorce."

May 27, 1980, the wife filed a motion to reopen the case for the purpose of hearing additional testimony relative (a) to the parties' 1979 income tax return, (b) to the 1980 estimate filed with the Internal Revenue Service, and (c) to demand by the husband against the wife in May 1980 for $6,085.42 for "Your 1979 Income Tax". Nothing in this motion referred to anything relative to community property accumulated subsequent to the first hearing on February 22, 1980. Further, no hearing was ever held after May 27, 1980, on the subject matter indicated in the motion. On this there is no contention of error.

■ Absent from the record is anything to show preservation of the error, if any, applicable to the wife's contentions concerning subsequently accumulated community property. The reopening of a case to receive additional evidence is a matter within the discretion of the trial court which would not be interfered with on appeal except for abuse. Furthermore it is necessary that a predicate be laid for complaint on appeal because of some action or absence of action on the part of the trial court contended to constitute an abuse of discretion. Here then was necessity for a request that a trial court reopen the proceedings for submission of additional evidence at a time when it continued to have control over the cause. Further, by such a request the party must specify the evidence to be established if the court should permit further hearing, absent which the motion to reopen would properly be denied. Failure

in respect above constitutes a waiver of any right to complain in the appellate court. In this case there has obviously been such a waiver, reversible error does not appear, and all complaints relative to time at which the trial court began to treat the parties' properties as either separate or community is overruled. This for want of request or motion to be permitted to introduce evidence to show that there had been any additional community property accumulated by the parties between February 22, 1980 and judgment date of November 5, 1980, and the nature and amount thereof. In connection with the above see 75 Am.Jur.2d 243, *Trial*, sec. 153, "Reopening the Case" (1974); 56 Tex.Jur.2d 464, *Trial*, sec. 118 "Reopening Case for Additional Evidence—In general." (1964), and sections following, particularly sec. 121, "Showing required on motion to reopen."

For want of evidence properly proferred with no bill of exceptions taken to show any additional evidence desired to be considered by the court but erroneously refused, we are compelled to review the evidence and judgment by what was before it to be divided and his treatment of it in the allocation made. On some of this we will make particular comment.

■ *Nail v. Nail*, 486 S.W.2d 761 (Tex. 1972) stands for the proposition that professional good will built up during a period of practice, of one of the professions such as the medical and legal, is not property to be taken into consideration in the property division to be made upon divorce. We hold that it is applicable here in that the husband is a Doctor of Chiropractic. The rule is to be adhered to even though the evidence showed that the wife worked to put her husband through school, worked in his business to get it started, and worked outside the home for the benefit of the parties' community estate. The value of that good will of the husband's professional practice was properly disregarded in the property division. (We have no doubt that such did play a part in the equity considerations the court indicated were important in the property division made.)

■ The court did not err in taking into consideration the entitlement built up in the wife's Civil Service Retirement benefits during her employment while married. Further, the finding of its value was in accord to the evidence, and in any event not contrary to the greater weight and preponderance of the evidence.

■ The trial court could, under the evidence, have concluded that fault causing the dissolution of the marriage was greater on the part of the wife than on the husband; certainly there was no error, as is claimed, that there was failure to give proper consideration to the husband's fault in causing the marriage dissolution.

■ The finding of fact made by the court that the husband's disposition of $22,-071.04 in cash was for legitimate purposes and not in fraud of the wife's rights was not so contrary to the greater weight and preponderance of the evidence as to be clearly erroneous.

All the wife's points of error, whether or not specifically addressed, have been considered. Each is overruled.

Judgment is affirmed.