## MCI TELECOMMUNICATIONS CORPORATION, Appellant,

v.

## TARRANT COUNTY APPRAISAL DISTRICT, Tarrant County Appraisal Review Board, Nelson F. Eichman, and Bobby L. Reed, Appellees.

No. 2–86–015–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 22, 1987.

Carrington, Coleman, Sloman & Blumenthal, Craig W. Weinlein, Dallas, for appellant.

Cantey, Hanger, Gooch, Munn & Collins, S.G. Johndroe, Jr. and Catherine J. Alder, Fort Worth, for appellees.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

FENDER, Chief Justice.

MCI Telecommunications Corporation (hereafter "MCI") appeals from the district court's order dismissing for want of jurisdiction MCI's request for review of the Tarrant County Appraisal Review Board's "Order Determining Protest". MCI argues the Tarrant County Appraisal District (hereafter "TCAD") failed to prove want of jurisdiction at the hearing on the TCAD's plea to the jurisdiction because the TCAD failed to show that it fully and strictly complied with section 41.47(d) of the Texas Property Tax Code. *See* TEX.TAX CODE ANN. sec. 41.47(d) (Vernon 1982). A statement of facts has been filed with this court, but no findings of facts or conclusions of law were requested or filed.

We affirm.

In June of 1985, MCI filed a protest with the TCAD's appraisal review board contesting the TCAD's appraisal of MCI's property. The TCAD was asked both in writing and orally to send any correspondence concerning the protest to the attention of Richard Taylor, MCI's Senior Property Tax Representative. *See* TEX.TAX CODE ANN. sec. 1.11 (Vernon 1982). A hearing on MCI's protest was held by the review board on September 5, 1985. Taylor represented MCI at this hearing.

On September 11, 1985, Linda Danford, an employee of the TCAD, sent a copy of the review board's "Order Determining Protest" to MCI by certified mail. The notice itself was addressed to:

MCI Telecommunications Corp.
1133 19th St. NW
Washington, DC 20036

Attn: Richard Taylor

The certified mailing receipt was made out by an employee of the review board to the same address, but without the "attention" notation. The receipt returned by the post office indicates the TCAD requested the return to "[s]how to whom, date and address of delivery". The return receipt shows that the letter was accepted by someone other than Taylor who signed as MCI's agent, on September 16, 1985, at MCI's address. Taylor claims he has never personally received this letter.

On October 28, 1985, MCI filed its petition with the district court appealing the review board's order. MCI alleged that it did not receive notice of the order denying protest until October 18, 1985, when MCI's attorney received a duplicate copy of the order at his request. MCI also alleged that on October 22, 1985, it filed a notice of appeal with the TCAD review board in accordance with section 42.06 of the Texas Property Tax Code. *See* TEX.TAX CODE ANN. sec. 42.06 (Vernon 1982).

In answer to MCI's petition, the TCAD filed, among other pleas, a plea to the jurisdiction. A hearing was held on the plea and on January 9, 1986, the presiding judge signed an order of dismissal for want of jurisdiction. The court found that MCI failed to file its written notice of appeal within fifteen days after the date of receiving the notice of the "Order Determining Protest" as required by the Tax Code. *See* TEX.TAX CODE ANN. sec. 42.06(a).

In its first point of error, MCI contends the trial court erred in admitting defendant's exhibit A into evidence over MCI's objection. Defendant's exhibit A consists of the certified mail receipt accompanying the copy of the order sent to MCI by the TCAD on September 11, 1985. MCI objected to the admission of the receipt on the ground that there is no evidence to show that it was signed by anyone connected with MCI or that it was received by MCI. The objection was overruled. MCI makes several arguments under this point but we will only address those contentions which specifically comport with MCI's objection

at trial. *See Douglas v. Winkle*, 623 S.W.2d 764, 768 (Tex.App.—Texarkana 1981, no writ); TEX.R.APP.P. 52. MCI argues there is no evidence showing it received notice because: 1) the certification receipt was not addressed to Taylor; 2) delivery was not restricted to Taylor; 3) there is no evidence the unidentified individual who signed the receipt had authority to do so in Taylor's behalf; or 4) there is no evidence this unidentified person had authority to sign the receipt in MCI's behalf.

■ The Texas Property Tax Code requires that notice of the review board's order determining a protest be sent to the property owner by certified mail. *See* TEX.TAX CODE ANN. sec. 41.47(d). Under section 1.11 of the Property Tax Code, such property owner may designate a fiduciary for the receipt of any notices from the appraisal office. *See* TEX.TAX CODE ANN. sec. 1.11. When a fiduciary is so appointed, any notices must be addressed to the fiduciary at his address. *See* TEX.TAX CODE ANN. sec. 1.07 (Vernon Supp.1987).

The record indicates MCI asked that all notices be sent to the attention of Taylor at MCI's address. The notice itself was so addressed. The return receipt in question clearly shows the notice was delivered to MCI's address and that it was signed for by some individual purporting to be an agent of MCI. The Property Tax Code requires only that the notice be delivered by certified mail, not by delivery restricted to the addressee, and that it be delivered to the fiduciary's *address*. *See* TEX.TAX CODE ANN. secs. 41.47(d), 1.07(b). These facts are sufficient to meet MCI's challenge to the receipt's admissibility. MCI's objection at trial went to the weight of the evidence, not its admissibility, since the receipt is relevant to the issue of proper delivery of the notice to MCI. MCI's first point of error is overruled.

■ In its second point of error, MCI urges that defendant's exhibit B was improperly admitted into evidence. Exhibit B is the final "Order Determining Protest" issued by the review board. MCI claims

the order is irrelevant because there is no evidence to show that it had been received by MCI. This contention is overruled because the review board's final order is clearly relevant to the question of whether MCI received *proper notice* under section 41.47(d) which requires, among other things, that a copy of the order be sent to the owner. *See* TEX.TAX CODE ANN. sec. 41.47(d). MCI raises the question of whether it received proper notice in its fourth point of error addressed below.

In its third point of error, MCI complains that the court erred in failing to grant MCI's first motion for directed verdict and in allowing the TCAD to reopen its case for further testimony. This motion was made after the TCAD's first witness stepped down and the TCAD indicated it was ready to close. The court stated it would overrule the motion at that time but hold it over for consideration at the end of the hearing. The TCAD then asked to call another witness which the court allowed. MCI did not object at that time.

A trial court has broad discretion in determining whether to reopen a case for presentation of additional testimony. *See Stephens v. Stephens*, 625 S.W.2d 428, 430 (Tex.App.—Fort Worth 1981, no writ); *Galbraith v. Galbraith*, 619 S.W.2d 238, 241 (Tex.Civ.App.—Texarkana 1981, no writ); TEX.R.CIV.P. 270. The exercise of such discretion will not be interfered with unless there is a clear showing of abuse. *See Stephens*, 625 S.W.2d at 430; *Galbraith*, 619 S.W.2d at 241. Furthermore, a proper predicate must be laid when a party intends to complain on appeal that the trial court has abused its discretion. *See Stephens*, 625 S.W.2d at 430.

■ We note that in the present case MCI failed to object to the TCAD's offer of additional testimony. A party cannot complain on appeal of the consideration of evidence when no objection is made at the time the evidence is offered. *See Wilfin, Inc. v. Williams*, 615 S.W.2d 242, 244 (Tex. Civ.App.—Dallas 1981, writ ref'd n.r.e.); TEX.R.EVID. 103(a)(1). MCI, therefore, failed to preserve this point for appeal.

*See id.* Moreover, the record does not show the court abused its discretion in allowing the testimony. MCI's third point of error is overruled.

■ MCI's fourth point of error constitutes its major contention on appeal. MCI argues that it did not receive proper notice of the TCAD's "Order Determining Protest" as required by section 41.47(d) of the Texas Property Tax Code. The lack of proper notice, MCI contends, precludes a plea to the jurisdiction based on MCI's failure, if any, to give the TCAD notice, within fifteen days of receiving the review board's notice, of MCI's appeal to the district court. *See* TEX.TAX CODE ANN. sec. 42.06. Absent proper notice from the TCAD, the fifteen-day limitation on giving notice of appeal under section 42.06 does not commence to run. *See Herndon Marine Products v. San Patricio Cty*, 695 S.W.2d 29, 32 (Tex.App.—Corpus Christi 1985, no writ).

MCI raised this contention at the hearing on the TCAD's plea to the jurisdiction in its second motion for directed verdict which the court overruled. MCI urged that there was no evidence to show: 1) that the notice sent out by the review board contained both a copy of the review board's order and a notice of its issuance; 2) that the review board's purported notice was sent to the chief appraiser of the TCAD; 3) that the notice was sent to or received by Taylor; and 4) that the notice was received by any individual at MCI. *See* TEX.TAX CODE ANN. sec. 41.47(d). MCI's objections on appeal are similar as to the first three points raised at trial but different as to the remaining point. We will, therefore, only address the objections made at trial which correspond with the contentions raised on appeal. *See Douglas*, 623 S.W.2d at 768; TEX.R.APP.P. 52.

■ At the hearing on the TCAD's plea to the jurisdiction, the TCAD had the burden of establishing the trial court's lack of jurisdiction. *See Southwestern Apparel, Inc. v. Bullock*, 598 S.W.2d 702, 704 (Tex. Civ.App.—Austin 1980, no writ). The TCAD claimed the trial court lacked juris-

diction because MCI failed to meet the requirements of section 42.06 which states:

(a) To exercise his right of appeal, a party must file written notice of appeal within 15 days after the date he receives the notice required by Section 41.47 or, in the case of a taxing unit, by Section 41.07 of this code that the order appealed has been issued.

TEX.TAX CODE ANN. sec. 42.06. Strict compliance with section 42.06 is considered a jurisdictional prerequisite to district court review. *See Rockdale Ind. Sch. v. Thorndale Ind. Sch.*, 681 S.W.2d 225, 227 (Tex. App.—Austin 1984, writ ref'd n.r.e.). To establish the court's lack of jurisdiction on this ground, however, the TCAD must first prove that it properly complied with the requirements of section 41.47 which commences the running of the fifteen-day limitation. *See Herndon*, 695 S.W.2d at 34. Section 41.47(d) reads as follows:

(d) The board shall deliver by certified mail a notice of issuance of the order and a copy of the order to the property owner and the chief appraiser.

TEX.TAX CODE ANN. sec. 41.47(d).

█ MCI claims that there is no evidence to show the notice sent by the review board contained both a notice of issuance of the order and a copy of the order. *See Herndon*, 695 S.W.2d at 34; TEX.TAX CODE ANN. sec. 41.47(d). Section 41.47(d), MCI interprets *Herndon* to say, requires the delivery of two separate documents: 1) a notice of issuance of the order; and 2) a copy of the order. The evidence is clear in this case that the TCAD review board sent only one document in its notice to MCI. The question we face is whether section 41.47(d) requires two separate documents or whether one document may suffice.

In *Herndon*, the appellate court reviewed the propriety of the trial court's summary judgment order for the appraisal review board. *See Herndon*, 695 S.W.2d at 31. The court of appeals found that three affidavits submitted in support of the review board's motion referred to sending notice of issuance of the review board's determination but made no mention of

sending a copy of the order. *See id.* at 34. The appellate court found that this evidence did not conclusively prove compliance with the notice requirements. *See id.*

Without questioning the validity of the holding in *Herndon*, we find that the notice sent by the TCAD review board meets the requirements of section 41.47(d). We recognize that, while a notice of issuance of the order does not necessarily meet the requirement for sending a copy of the order, a copy of the order, if appropriately worded, may also act as a notice of issuance of the order. The Texas Property Tax Code contains no statutory definition indicating what constitutes a "notice of issuance of the order." Section 41.47(d) does not state that the notice of issuance and the copy of the order must be contained in separate documents.

The copy of the order sent by the TCAD review board states:

## ORDER DETERMINING PROTEST

On Thursday, Sept. 5, 1985 a quorum of the Appraisal Review Board of Tarrant Appraisal District has reviewed the evidence and/or testimony presented with your protest. *The Chief Appraiser of the Tarrant Appraisal District has been ordered to establish appraisal records in the following manner:*

SUSTAIN TAD VALUES—no change accounts

08128081—8,483,481

08128073—443,024 [Emphasis added.]

We do not intend to imply that this language constitutes some kind of "magic" wording for cases of this type. We simply hold that, in this case, the copy of the order as worded gives sufficient notice of the order's issuance as per section 41.47(d). This contention is overruled.

█ MCI also contends there is no evidence to show that proper notice was sent to the chief appraiser of the TCAD. The chief appraiser testified at the hearing that he received a copy of the TCAD review board's order. Having found that this or-

der meets the requirements of section 41.-47(d), we overrule this contention.

■ MCI's final complaint under this point is that there is no evidence to prove the notice was sent to or received by Richard Taylor, MCI's Senior Property Tax Representative and appointed fiduciary in this matter. MCI, citing *Rockdale*, urges this court to hold that section 1.11 of the Texas Property Tax Code, under which Taylor was appointed as MCI's fiduciary, requires proof of actual delivery to and receipt by the taxpayer's fiduciary of all notices relating to the owner's property. *See Rockdale*, 681 S.W.2d at 227; TEX.TAX CODE ANN. sec. 1.11. MCI also argues that the presumption of delivery which arises upon a showing that a letter sent by first-class mail was properly posted does not extend to certified mail. *See* TEX.TAX CODE ANN. sec. 1.07(c).

We first note that the *Rockdale* case upon which MCI relies is distinguishable on its facts. In *Rockdale*, the trial court's denial of a plea to the jurisdiction was reversed by the appellate court. *See Rockdale*, 681 S.W.2d at 228. The issue was whether the taxpayer had given timely notice of appeal under section 42.06. *See id.* at 227. The appellate court held that since there was *no evidence* on the record that the appraisal review board received the notice, the plea to the jurisdiction must be granted. It is important to note that section 42.06 does not require notice sent by certified mail and *Rockdale* does not indicate that notice was sent by certified mail. *See* TEX.TAX CODE ANN. sec. 42.06. As we demonstrate below, we hold that there is sufficient evidence on record in this case to show that MCI and its fiduciary, Taylor, received the TCAD review board's notice. This evidence meets the standard for overcoming MCI's "no evidence" point. *See In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951).

Section 1.07 of the Texas Property Tax Code contains the general provisions for delivery of notice under this code. Section 1.07 provides as follows:

(a) An official or agency required by this title to deliver a notice to a property owner may deliver the notice by regular first-class mail, with postage prepaid, unless this title requires a different method of delivery.

(b) *The official or agency shall address the notice to* the property owner or, if appropriate, *his agent at his address* according to the most recent record in the possession of the official or agency. However, if a property owner files a written request that notices be sent to a particular address, the official or agency shall send the notice to the address stated in the request.

(c) A notice permitted to be delivered by first-class mail by this section is presumed delivered when it is deposited in the mail. This presumption is rebuttable when evidence of failure to receive notice is provided.

TEX.TAX CODE ANN. sec. 1.07 (emphasis added). Section 1.11(a), providing for the appointment of a fiduciary for the purpose of receiving review board notices, must be read in light of section 1.07(b). Section 1.11(a) provides that:

(a) On the written request of a property owner, an appraisal office or an assessor or collector shall deliver all notices, tax bills, and other communications relating to the owner's property or taxes to the owner's fiduciary.

TEX.TAX CODE ANN. sec. 1.11(a). In construing these provisions, we may also consider the consequences of a particular construction. *See* Act of June 11, 1985, ch. 479, sec. 1, 1985 Tex.Gen.Laws 1652, 1672–73 (TEX.GOV'T CODE sec. 311.023).[1]

We cannot agree with MCI's contention that section 1.11 requires personal, in-hand delivery to an appointed fiduciary. Such a

---

**1.** *See also* TEX.TAX CODE ANN. sec. 1.03 (Vernon Supp.1987) which provides:

The Code Construction Act (Chapter 311, Government Code) applies to the construction

of each provision of this title except as otherwise expressly provided by this title.

construction should be avoided if possible because it can only result in putting the sender at the mercy of the party being notified. *See Handelman v. Handelman,* 608 S.W.2d 298, 301 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Wood Motor Co. v. Nebel,* 232 S.W.2d 772, 776 (Tex.Civ.App.—Texarkana 1950), *rev'd on other grounds,* 150 Tex. 86, 238 S.W.2d 181 (1951). Section 1.11 itself does not require in-hand delivery to a fiduciary and section 1.07(b) requires delivery to a fiduciary *at his address. See* TEX.TAX CODE ANN. sec. 1.07(b).

 In this case, notice was sent to the attention of Taylor at MCI's address as requested. It is undisputed that the notice itself was properly addressed. The return receipt indicates that MCI's proper address was provided and the review board paid an extra fee to have the postal official indicate the address to which the notice was delivered. MCI's proper address appears in the place provided for such an indication. While Taylor's signature does not appear on the return receipt, some individual did sign for receipt of the notice as MCI's agent on September 16, 1985. We hold that this evidence is sufficient to raise the presumption of delivery which, as section 1.07(c) of the Property Tax Code and case law recognize, applies to certified mail as well as "regular" first class mail. *See Terminix Intern., Inc. v. Lucci,* 670 S.W.2d 657, 665 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *First Nat. Bank v. Fuller,* 191 S.W. 830, 833 (Tex.Civ.App.—Fort Worth 1917, writ ref'd) (opinion on reh'g); TEX.TAX CODE ANN. sec. 1.07(c). *See also* 1 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL sec. 111 (Texas Practice 3d ed. 1980). MCI offered no evidence at the hearing to rebut the presumption that the notice was delivered to the fiduciary's address as required by section 1.07(b). Taylor's testimony that he never personally received the notice does not rebut the presumption that it was properly delivered to his address. At most it shows that MCI's internal mail system failed to bring the notice to Taylor's attention as requested on the notice itself. We

will not place the liability for a corporation's faulty internal mail system on the TCAD. MCI's fourth point of error is overruled.

MCI contends, in its final point of error, that the court erred in dismissing its appeal for want of jurisdiction. MCI simply reiterates the argument it made under its fourth point of error. For the same reasons, MCI's fifth point of error is overruled.

Judgment is affirmed.