**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellants,**

v.

**DREVER PARTNERS, INC., Appellee.**

No. 14–95–00551–CV.

Court of Appeals of Texas, Houston, (14th Dist.).

Jan. 23, 1997.

Rehearing Overruled Feb. 13, 1997.

G. Todd Stewart, Houston, for appellants.

William Ikard, Jay Breedveld, Austin, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

HUDSON, Justice.

This is an appeal by the Harris County Appraisal District and Harris County Appraisal Review Board ("ARB") from a judgment determining the appraised value of real property owned by Drever Partners, Inc. ("Drever") and awarding Drever its attorney's fees. In four points of error, appellants complain that the trial court erred in: (1) finding that it had jurisdiction to decide the value of the property; (2) concluding that the ARB had failed to deliver its Notice of Issuance and Order Determining Protest; (3) finding that Drever had properly designated an agent to receive tax notices; and (4) awarding Drever its attorney's fees. We affirm the judgment of the trial court.

The subject of the underlying dispute is the appraised value of a Houston apartment complex owned by Drever. Drever, a corporation with its offices in San Francisco, had previously designated Boudreaux/Harkness, Inc. as its local representative for property tax matters. This designation gave Boudreaux/Harkness the general power to represent Drever in all property tax matters, and specifically directed the appraisal district to send all tax notices, including ARB notices and orders, to Boudreaux/Harkness at its Houston address.

During the 1992 tax year, Boudreaux/Harkness, on behalf of Drever, filed a notice of protest with the ARB contesting the appraised value of Drever's apartment complex. The ARB conducted a hearing on the matter and stated in its written "Notice of Issuance and an Order Determining Protest" that it would not reduce the appraised value of the property. However, the ARB did not send the written notice and accompanying order to Boudreaux/Harkness as directed, but instead mailed the documents to Drever's offices in San Francisco.

On November 12, 1993, Boudreaux/Harkness, again on behalf of Drever, filed a notice of protest with the ARB contesting the ARB's failure properly to deliver the 1992 notice and order. The ARB refused to grant Drever a hearing on this matter, and Drever subsequently filed this action in the district court. The trial court reviewed the ARB's findings, reduced the appraised value of Drever's property, and awarded Drever its attorney's fees.

■ In their first, second, and third points of error, appellants contend the trial court lacked jurisdiction to review the ARB's determination because (1) while notice was not given to the designated tax agent, notice was given to Drever, and (2) Drever did not file a valid designation of agent form with the appraisal district.

■ A party seeking to appeal a determination by the ARB must file a petition for review in the district court within forty-five days after receiving notice that a final order has been entered. TEX. TAX CODE ANN. § 42.21(a) (Vernon 1992). Failure to timely file such a petition will deprive the district court of jurisdiction. *Appraisal Review Bd. v. International Church of the Foursquare Gospel*, 719 S.W.2d 160, 160 (Tex.1986). This 45–day limitation period, however, only begins to run when proper notice is delivered to the appropriate party. *First Union Real Estate Invs. v. Taylor County Appraisal Dist.*, 758 S.W.2d 380, 381 (Tex.App.—Eastland 1988, writ denied).

Here, appellants argue that the Texas Tax Code requires that notice of an ARB determination be delivered only to the property owner and chief appraiser. TEX. TAX CODE ANN. § 41.47(d) (Vernon 1992). They contend that all notice requirements were fulfilled by sending the notice and order directly to Drever at its San Francisco offices. We disagree. The Tax Code provides that:

> The official or agency shall address the notice to the property owner, the person designated under Section 1.111(f) to receive the notice for the property owner, if that section applies, or, if appropriate, the property owner's agent at his address according to the most recent record in the possession of the official or agency. However, if a property owner files a written request that notices be sent to a particular

address, the official or agency *shall* send the notice to the address stated in the request.

TEX. TAX CODE ANN. § 1.07(b) (Vernon 1992) (emphasis added).[1] Here, Drever had designated Boudreaux/Harkness as its tax agent pursuant to Section 1.111 of the Tax Code and specifically requested that appellants direct all tax notices to Boudreaux/Harkness' Houston address. Such designation remains in effect until revoked by the owner and must be recognized by the appraisal office. TEX. TAX CODE ANN. §§ 1.11(b), 1.111(c) (Vernon 1992); *see also MCI Telecommunications Corp. v. Tarrant County Appraisal Dist.,* 723 S.W.2d 350, 352 (Tex.App.—Fort Worth 1987, no writ).

▪ Appellants also argue that their failure to comply with the Tax Code's notice provisions was of no consequence because the notice delivered to Drever should be imputed to its property tax representative. Citing the case of *Carter v. Converse,* 550 S.W.2d 322, 329 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.), appellants claim that notice to a principal is notice to the principal's agent. This case, however, is distinguishable.

In *Carter,* the court determined simply that a principal, having been put on notice of outstanding third party claims on certain realty, could not qualify as a bona fide purchaser by using an "innocent" agent unaware of these claims to facilitate the purchase of that realty. *Id.* The case now before us does not involve one party's claim of bona fide purchaser status nor the common law principles of agency. Rather, it involves a specific statutory scheme setting forth the manner in which property tax representatives may be designated and the effect that designation has on a taxing authority's obligation to deliver notice.

▪ Appellants' final argument is that Drever failed to file a valid designation of an

agent with the appraisal district. Because this failure relieved the ARB of any duty to send the notice and order to Boudreaux/Harkness, appellants contend that the statutory notice requirements were fulfilled by delivery of the notice and order directly to Drever. The basis for the alleged invalidity of Drever's designation of an agent lies in Drever's failure to attach documentation to the form specifically designating Boudreaux/Harkness as its property tax representative.

The Tax Code provides that a property owner may designate an agent to represent him in property tax matters. This designation must be:

> ... made by written authorization signed by the owner, a property manager authorized to designate agents for the owner, or other person authorized to act on behalf of the owner, and must clearly indicate that the person is authorized to act on behalf of the property owner in property tax matters relating to the property or property owner.

TEX. TAX CODE ANN. § 1.111(b) (Vernon 1992). Appellants interpret this provision to mean that if the person signing the authorization is not the property owner, he must submit documentation confirming his authority to designate a tax representative. The agent designation form used by the taxing authorities contains a caveat beneath the signature space stating that the form must be signed by the property owner or other person specifically authorized to designate a tax agent. If the signer is not the property owner, the form advises him to attach documentary proof of his authority to designate agents for the property owner. Without such supporting documentation, appellants urge, any designation made by a person who

---

1. Section 1.11(a) of the Tax Code also relates to a taxing authority's obligation to deliver proper notice. It states that "[o]n the written request of a property owner, an appraisal office or an assessor or collector *shall* deliver all notices, tax bills, and other communications relating to the owner's property or taxes to the owner's fiduciary." TEX. TAX CODE ANN. § 1.11(a) (Vernon 1992) (emphasis added). We recognize that the word

"shall" is not necessarily a mandatory term. *See Hunt v. Heaton,* 631 S.W.2d 549, 550 (Tex.App.—Beaumont), *aff'd* 643 S.W.2d 677 (Tex.1982). However, other courts have held that the Tax Code's provisions relating to notices and deadlines for appeal must be followed strictly. *Rockdale Indep. Sch. Dist. v. Thorndale Indep. Sch. Dist.,* 681 S.W.2d 225, 227 (Tex.App.—Austin 1984, writ ref'd n.r.e.).

is not the property owner is invalid.[2]

Drever's agent designation form in this case was signed by David Glaser, vice-president and chief financial officer of Concierge Management Company ("CMC"). CMC is a subsidiary of Drever and is responsible for management of the property in question. Appellants contend that Glaser, by failing to supply documentation confirming his authority to name agents for Drever, rendered the designation invalid. We do not agree. The Texas Administrative Code provides that when an agent is an employee of a subsidiary of the owner, as he was in this case, the owner is not required to provide documentation supporting that agent's authority. TEX. ADMIN.CODE § 9.3044(j). Moreover, the designation form itself states only that the person naming a tax agent *should* attach such documentation. We find nothing to suggest that this direction was mandatory or that a failure to comply would invalidate the designation.

In the *MCI Telecommunications* case, the court considered a situation similar to the one now before this court. *See MCI Telecommunications*, 723 S.W.2d at 350, 356. There, MCI, the owner of the property, had designated Richard Taylor, MCI's Senior Property Tax Representative, as its agent for the receipt of tax notices. *Id.* at 351. All notices were to be sent to the attention of Taylor at MCI's Washington, D.C. address. *Id.* at 351–52. Following a hearing on a tax protest, the Tarrant County Appraisal Review Board mailed, pursuant to MCI's designation, a protest determination order to Taylor's attention at MCI's address. *Id.* MCI received this notice, but due to a failure in the company's internal mail system, it did not reach Taylor. The court held that because the tax agent's failure to receive notice was the fault of the principal, it would not place liability for the mistake on the appraisal district. *Id.* at 356.

Here, we are faced with the opposite situation. Boudreaux/Harkness's lack of notice was due entirely to the ARB's failure to comply with Drever's valid designation of its property tax representative. Drever complied with all the requirements of the Tax Code; appellants did not. The court in *MCI Telecommunications* thought it proper to impose liability for the confusion on the party responsible for it; we will do likewise.

Appellants' erroneous delivery of the notice and order did not serve to trigger the 45–day period for appeal. Thus, the trial court had jurisdiction to hear this cause. Accordingly, appellants' first, second, and third points of error are overruled.

In their fourth point of error, appellants contend that because the trial court lacked jurisdiction to hear this case, it erred in awarding Drever its attorney fees. *See* TEX. TAX CODE ANN. § 42.29 (Vernon 1992) (awarding attorney fees to property owners who prevail in an appeal to the court). As we have already determined that the trial court had jurisdiction, this point of error is also overruled.

The judgment of the trial court is affirmed.

---

2. We recognize that the language of TEX. TAX CODE ANN. § 1.111(b) (Vernon 1992) may cause confusion. The clause "must clearly indicate that the person is authorized to act on behalf of the property owner" could be read to apply to either the person *naming* the tax agent or the person actually *named as* the tax agent. Resolution of this issue is not essential to the disposition of this case because, as discussed below, the designation was made by a subsidiary of the owner.