

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00091-CV

———————————————

AC DENTON LLC (FORUM AT DENTON STATION), Appellant

V.

DENTON CENTRAL APPRAISAL DISTRICT, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 23-7769-431

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

More than sixty days after notice of the Denton County appraisal review board's final order had been delivered to Appellant AC Denton LLC (Forum at Denton Station)'s agent, Appellant filed a petition for review in the district court. Appellee Denton Central Appraisal District filed a plea to the jurisdiction, alleging that the district court lacked jurisdiction because the petition had been filed more than sixty days after notice of the appraisal review board's final order had been delivered to Appellant's agent. The trial court granted the plea, and Appellant filed this appeal.

In two issues, Appellant contends that the trial court erred by granting Appellee's plea to the jurisdiction because (1) Appellant conclusively rebutted the presumption of delivery and (2) there is a fact issue regarding when Appellant's agent received the notice. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant owned real property in Denton County, and Appellee assessed the property's value for the 2023 tax year. Appellant protested the 2023 valuation to the Denton County appraisal review board. The appraisal review board conducted a hearing and issued its final order on Appellant's 2023 property value protest.

Appellant filed a petition for review against Appellee[1] in the district court, challenging the appraisal review board's 2023 final order.

While that suit was pending, Appellee assessed Appellant's property value for the 2024 tax year. Appellant protested the 2024 valuation to the appraisal review board. The appraisal review board conducted a hearing and issued its final order on Appellant's 2024 property value protest. Via certified mail, Appellee sent notice of the appraisal review board's 2024 final order to Appellant's agent—Hilltop Property Tax, LLC (Hilltop). On July 8, 2024, notice of the appraisal review board's 2024 final order was delivered to Hilltop's address.

On November 12, 2024, Appellant filed a first amended petition in its 2023 suit, seeking also to challenge the appraisal review board's 2024 final order. Appellee filed a plea to the jurisdiction, asserting that Appellant had not timely amended its suit to meet the jurisdictional requirement for judicial review of the appraisal review board's 2024 final order. Appellant filed a response with an accompanying affidavit. The response argued that Appellee had "failed to provide adequate evidence showing that the [appraisal review board's] final order was in fact delivered to [Appellant] on the date alleged." The affidavit conceded that the notice had been delivered to

---

[1]Depending on which section of the tax code a petition for review is filed, the suit must be brought against either the appraisal district or the comptroller, but it may not be brought against the appraisal review board. *See* Tex. Tax Code Ann. § 42.21(b).

Hilltop's address via certified mail on July 8, 2024, but asserted that Hilltop had not received the notice from its mailroom until October 2024.

At the hearing on its motion, Appellee argued that notice is presumed delivered when the notice is deposited in the mail. Appellant again conceded that the notice had been delivered to Hilltop's address but maintained that Hilltop had been delayed in receiving the notice because of a mistake in the office's mailroom. Appellant explained that Hilltop shared office space with a law firm[2] and that the law firm had presumed the certified mail was for one of its clients. Appellant argued that Hilltop did not receive Appellee's notice until October 2024 and that the affidavit rebutted the presumption of delivery. Appellant did not allege that the notice had been erroneously addressed or delivered to Hilltop.

The trial court reasoned that because the notice had been properly mailed and delivered to Hilltop's address, there was nothing that Appellee could have done differently. The trial court found that the notice had been delivered and that the presumption of delivery had not been rebutted. Accordingly, the trial court granted Appellee's plea to the jurisdiction and dismissed Appellant's 2024 petition for review.[3] Appellant filed this appeal.

---

[2]The law firm that shared office space with Hilltop is the same law firm that represented Appellant in its suit against Appellee.

[3]Appellant's claim for the 2023 tax year remains pending in the trial court.

## III. STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Health & Human Servs. Comm'n v. Pope*, 674 S.W.3d 273, 280 (Tex. 2023).

A plea to the jurisdiction is a procedural device for challenging a trial court's subject-matter jurisdiction to hear a suit without reference to the merits of the underlying claims. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Jurisdictional pleas are of two types—those that challenge jurisdiction based on the pleadings alone and those that challenge the existence of jurisdictional facts. *Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022).

The plea before us challenges the existence of jurisdictional facts. When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, our standard of review generally mirrors the standard of review for traditional summary judgment. *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). The movant has the initial burden of proof to show that the trial court lacks jurisdiction. *Pope*, 674 S.W.3d at 281. If the movant carries its burden, the nonmovant must show that a genuine issue of material fact exists as to the jurisdictional dispute. *Id.* If the nonmovant shows that a genuine issue of material fact exists, the plea must be denied. *Id.* Otherwise, the plea must be granted. *See id.* (stating that court must grant plea if nonmovant does not dispute movant's proof or fails to raise fact issue).

In deciding whether a genuine issue of material fact exists regarding the parties' jurisdictional dispute, we take as true all evidence favorable to the nonmovant,

indulging every reasonable inference and resolving any doubts in its favor. *Id.* But we cannot disregard evidence necessary to show context or evidence and inferences unfavorable to the nonmovant if a factfinder could not do so. *Id.*

## IV.  APPLICABLE LAW

Under the Texas Tax Code, county appraisal districts annually appraise property within their boundaries. Tex. Tax Code Ann. §§ 6.01, 6.02, 23.01. A property owner may protest the appraised value of its property by filing a notice of protest with the local appraisal review board. *Id.* §§ 41.41(a), 41.44(a). When a property owner does so, the appraisal review board holds a hearing, decides the merits of the property owner's claims, and makes a final decision by written order. *Id.* §§ 41.45(a), 41.47(a), (d)(1). The appraisal review board's final written order must then be delivered to the property owner, or its designated agent, by certified mail. *Id.* § 41.47(a), (d)(1).

The notice is presumed delivered when it is deposited in the mail, but this presumption is rebuttable when evidence of failure to receive notice is provided. *Id.* § 1.07(c). In the event that the property owner provides evidence of non-receipt, the appraisal district must come forward with competent proof of compliance with Section 1.07(b). *See id.* § 1.07(b). Compliance by the appraisal district with Section 1.07(b) reestablishes the presumption of delivery. *New v. Dallas Appraisal Review Bd.*, 734 S.W.2d 712, 714 (Tex. App.—Dallas 1987, writ denied). Delivery does not require personal, in-hand delivery to the addressee. *MCI Telecommunications Corp. v.*

6

*Tarrant Cnty. Appraisal Dist.*, 723 S.W.2d 350, 355–56 (Tex. App.—Fort Worth 1987, no writ).

The property owner may appeal from the appraisal review board's final order by filing a petition for review in the district court, which then tries the tax dispute de novo. Tex. Tax Code Ann. §§ 42.21(a), 42.23(a). But the property owner must file its petition in the district court within sixty days of receiving notice that the appraisal review board entered a final order. *Id.* § 42.21(a). Failure to satisfy this deadline bars any appeal. *Id.* Thus, compliance with the sixty-day deadline is a jurisdictional prerequisite to appeal from the appraisal review board's final order. *Appraisal Review Bd. v. Int'l Church of Foursquare Gospel*, 719 S.W.2d 160, 160 (Tex. 1986) (per curiam); *Harris Cty. Appraisal Dist. v. PXP Aircraft*, 569 S.W.3d 256, 262 & n.19 (Tex. App.— Houston [1st Dist.] 2018, no pet.).

## V. DISCUSSION

In two issues, Appellant maintains that it (1) conclusively rebutted the presumption of delivery and (2) raised a fact issue regarding when its agent received Appellee's notice. Specifically, Appellant argues that it provided an "affidavit to the trial [c]ourt" that "rebuts the presumption that the notice was received and raises a fact issue." We disagree.

This is not a case of no delivery, attempted delivery, presumed delivery, or wrong delivery. The certified mail receipt shows that the notice was actually delivered to Hilltop's address on July 8, 2024, and Appellant does not refute this fact.

7

While conceding that delivery had been effectuated on its agent, Appellant attempts to conflate its agent's delayed discovery of the notice with non-delivery. Appellant's attorney's affidavit states that "[t]he Denton County Central Appraisal District's ARB Order . . . that *was delivered to the mailroom of the Law Firm on July 8, 2024* was mistakenly presumed to be mail for the Law Firm."[4] (emphasis added) Likewise, at the hearing on Appellee's motion, Appellant again conceded that the notice had been delivered to Hilltop's address but that Hilltop's mail had been mistakenly comingled with the law firm's mail.

Despite Appellant's explanation of an apparent mailroom blunder, there is no fact issue regarding Appellee's compliance with Section 1.07—the notice had been duly delivered to Appellant's agent. *See* Tex. Tax Code Ann. § 1.07. Here, it is undisputed that the notice itself was properly addressed to Hilltop and that it was delivered via certified mail to Hilltop's correct address.

We conclude that Appellant's attorney's affidavit does not rebut the fact that the notice had been delivered to Hilltop's address.[5] At most, the affidavit shows that Hilltop's internal mail system had failed to bring the notice to Hilltop's attention. We

---

[4]Appellant's attorney explained that the law firm and Hilltop shared the same mailbox.

[5]Despite Appellant's attorney's affidavit alleging that the law firm had mistakenly presumed that the certified mail was for one of its clients, we note that the notice was clearly addressed from Denton Central Appraisal District to Hilltop Property Tax LLC—not to the law firm, Mackey & Associates, PLLC.

dealt with a similar mailroom debacle in *MCI Telecommunications Corp.*—and as we did in that case, "[w]e will not place the liability for a corporation's faulty internal mail system on the [Appellee]." 723 S.W.2d at 356. Because delivery of the notice to Hill's address on July 8, 2024, remains uncontroverted, we further conclude that Appellant's evidence does not raise a genuine issue. Accordingly, because Appellant has failed to show that a genuine issue of material fact exists, we hold that the trial court did not err by granting Appellee's plea to the jurisdiction.

We overrule Appellant's two issues.

## VI. CONCLUSION

Having overruled Appellant's two issues, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered: September 18, 2025

9