COOKE COUNTY V. TEEL

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-115-CV

THE COOKE COUNTY TAX APPRAISAL APPELLANTS

DISTRICT AND THE COOKE COUNTY

APPRAISAL REVIEW BOARD

V.

BRAD 
TEEL AND JANE TEEL APPELLEES

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

OPINION ON REHEARING

------------

After reviewing Appellants Cooke County Tax Appraisal District and Cooke County Appraisal Review Board’s motion for rehearing, we deny the motion.  We also withdraw our November 26, 2003 opinion and judgment and substitute the following. 

In this property tax case, Appellants Cooke County Tax Appraisal District (CCTAD) and Cooke County Appraisal Review Board (ARB), challenge the trial court’s judgment granting Appellees Brad and Jane Teel, an agricultural-use valuation for the year 2000.  We affirm.  

Factual and Procedural Background

In December 1999, Appellees purchased approximately 659.3 acres of land from C.W. and Betty Josey, with an effective date of January 6, 2000.  When a CCTAD employee entered the conveyance into the computer system, the employee failed to note that it was not effective until January 6, 2000, and erroneously entered the conveyance date as December 15, 1999.  At the same time, CCTAD’s employee entered the conveyance onto a “drop list.”  The “drop list” is a list of all the properties with exemptions, including the agricultural-use exemptions, which, when sold, will require a application from the new owner. This “drop list” triggered CCTAD to send a notice to Appellees that they must reapply for agricultural-use valuation.  Appellees were sent a notice of appraised value in May 2000, notifying them that the property would be assessed for taxation at market value and not under the agricultural-use exemption.  The chief appraiser certified the market value to the taxing units, and tax bills were mailed on October 3, 2000.  CCTAD’s Chief Appraiser, Doug Smithson,  admitted at trial that the employee erred in entering the deed as a 1999 sale but claimed that it was possible that Appellees would have been requested to reapply for the agricultural-use exemption even if the effective date of the sale had been correctly listed as January 2000.  Smithson conceded, however, that the employee’s classification of the deed as a 1999 sale was the reason Appellees were required to reapply for the exemption.

Appellees protested CCTAD’s denial of the agricultural-use exemption, and the ARB entered an Order Determining Protest which denied valuation on the basis of qualified agricultural use.  CCTAD attempted to deliver the order to Appellees twice by certified mail, and the post office made six attempts at delivery between April and June 2001.  The order was eventually delivered to Appellees’ counsel on July 19, 2001.  Appellees filed a petition for review in district court on August 7, 2001.  The trial court, sitting without a jury, found in favor of Appellees and made the following findings of fact and conclusions of law:

FINDINGS OF FACT

1.  For several years, the 659.3 acre tract of land, which is the subject of this suit, was owned by C.W. Josey, Jr. and Betty S. Josey.

2.  While owned by C.W. Josey, Jr. and Betty S. Josey
, and during the year 1999, the 659.3 acre tract of land was used for agricultural purposes, and was appraised for ad valorem taxes as qualified agricultural land.  

3.  On December 15, 1999, C.W. Josey, Jr. and Betty S. Josey
 executed a deed conveying the 659.3 acre tract of land to Brad Teel and Jane Teel, which provided that the effective date of the conveyance was January 6, 2000. 

4.  By error, personnel of the Cooke County Tax Appraisal District entered the date of conveyance of the 659.3 acre tract of land as December 15, 1999 into the District’s data system, instead of the effective date of January 6, 2000.

5.  As a result of the erroneous entry of December 15, 1999 as the date of conveyance, the Chief Appraiser of the Tax Appraisal District issued a letter to Brad Teel and Jane Teel stating that as a result of the conveyance, the Teels would have to file an application in order for the 659.3 acre tract of land to be appraised for ad valorem tax purposes as qualified agricultural land for the year 2000. 

6.  At the time the Chief Appraiser sent the letter to Brad Teel and Jane Teel requiring them to file an application for appraisal as qualified agricultural land for the year 2000, the use of the land had not changed from agricultural use, the Chief Appraiser had no reasonable cause to believe that there had been a change in use of the property to a non-agricultural use, and the Chief Appraiser did not require all landowners in the area to reapply. 

7.  Brad Teel and Jane Teel did not reside at the address to which the notice was sent, and did not receive the notice until after the deadline for filing the application.

8.  After passing of the deadline, Brad Teel and Jane Tell did file an application to have the tract of land assessed as qualified agricultural land for the year 2000. 

9.  On February 26, 2001, the issue of assessing the tract of land as qualified agricultural land for the year 2000 was heard by the Cooke County Appraisal Review Board. 

10.  Subsequent to the hearing, the Appraisal Review Board issued an undated Order Determining Protest which found that the Notice of Protest was timely filed, but denied the granting of assessment of the tract of land as qualified agricultural land for the year 2000. 

11.  Brad Teel and Jane Teel received the Order Determining Protest on July 19, 2001.

12.  Brad Teel and Jane Teel filed their Original Petition on August 7, 2001.

 

CONCLUSIONS OF LAW

1.  This Court has jurisdiction to hear this tax appeal. 

2.  The 659.3 acre tract of land was being appraised for ad valorem purposes as qualified agricultural land based upon the application of and qualified use by C.W. Josey, Jr. and Betty S. Josey. 

3.  C.W. Josey, Jr. and Betty S. Josey owned the 659.3 acre tract of land on January 1, 2000.

4.  The land qualified to be appraised for ad valorem tax purposes as qualified agricultural land for the year 2000 without the necessity for reapplication.

In two issues, Appellants claim that the trial court erred in granting Appellees agricultural-use valuation for the year 2000.  First, Appellants claim that the trial court lacked jurisdiction to hear Appellees’ appeal.  Second, Appellants claim that there was no evidence to support the trial court’s finding of fact number seven that Appellees did not reside at the address to which the notice was sent, and did not receive the notice until after the deadline for filing the application.

Jurisdiction

We review the trial court's determination of subject matter jurisdiction, including its construction of pertinent statutes, de novo.  
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998).  “[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.  The court should, of course, confine itself to the evidence relevant to the jurisdictional issue.”  
Bland Indep. Sch. Dist. v. Blue
, 34 S.W.3d 547, 555 (Tex. 2000). 

Appellants argue that the court lacked jurisdiction to hear Appellees’ appeal from the order of the ARB for three reasons: 1) Appellees failed to timely apply for the favorable valuation; 2) Appellees failed to timely protest their failure to receive the favorable valuation; and 3) Appellees failed to timely appeal the ARB decision to the lower court.  To determine the trial court's jurisdiction to hear the cause, courts should “consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties.”  
Tex. Natural Res. Conservation Comm'n v. White
, 46 S.W.3d 864, 868 (Tex. 2001).

Appellants first contend that the trial court lacked jurisdiction because Appellees failed to timely apply for the favorable valuation and failed to timely protest their failure to receive the favorable valuation.  Because both of these procedural issues relate to timing requirements placed on taxpayers before an ARB review, we address them together.  Tax code section 23.541 provides that an agricultural-use application can be filed no later than the date the ARB approves the appraisal records.  
Tex. Tax Code Ann.
 § 23.541 (Vernon 2001).  Tax code section 41.44 states that a notice of protest must be filed before June 1 or not later than the 30th day after the date the notice was delivered to the property owner.  
Id
. § 41.44.  Appellants argue that Appellees did not meet either of these deadlines.  A taxpayer’s right to appeal an ARB order to district court, however, is not predicated on whether the appealing party met the tax code’s procedural requirements in sections 23.541 and 41.44(b).  
See id. 
§ 42.01.

Section 42.01 of the Texas Tax Code grants taxpayers the right to seek redress in district court if the taxpayer has obtained an order of the ARB determining a protest under section 25.25 of the tax code.  
Id
.  Section 25.25(c) addresses corrections to the appraisal role on the motion of the chief appraiser or a taxpayer and expressly allows for protests against clerical errors that affect a property owner's tax liability.  
Id
. § 25.25(c)(1).  Appellees protested against an admitted clerical error that affected their tax liability as allowed by section 25.25(c)(1).  Not only did the ARB conduct a hearing and enter an order which established Appellees’ right to institute proceedings in the trial court, the order of the ARB contains specific findings that it had jurisdiction over this case.

Appellants allowed Appellees to file the application for valuation, as well as the protest, which led to Appellants’ obtaining an order of the ARB.  
Id
. §§ 23.541(a) (statute grants the chief appraiser power to approve or deny an application that is filed after the deadline for filing has passed), 41.44(b) (ARB has discretion to accept protests after the deadline for filing has passed if taxpayer shows good cause as determined by the ARB).  The only prerequisite for appeal set forth in section 42.01 is an ARB order reviewing the property owner’s protest—nothing in the section states a requirement regarding a timely valuation application or protest.  
Id
. § 42.01;
 Lamar County Appraisal Dist. v. Campbell Soup Co.
, 93 S.W.3d 642, 644 (Tex. App.—Texarkana 2002, no pet.) (trial court's jurisdiction dependent upon the ARB's having properly acquired jurisdiction).  The ARB also made a specific finding that Appellees’ “protest was filed in time.”  Appellees have exhausted their administrative remedies under the tax code, thereby establishing a right to appeal in the district court. 
 Robstown Indep. Sch. Dist. v. Anderson
, 706 S.W.2d 952 (Tex. 1986);
 Hood v. Hays County
, 836 S.W.2d 327 (Tex. App.—Austin 1992, no writ); 
Sierra Stage Coaches, Inc.  v. La Porte Indep. Sch. Dist.
, 832 S.W.2d 191 (Tex. App.—Houston [14th Dist.] 1992, no writ); 
Watson v. Robertson County Appraisal Review Bd.
, 795
 
S.W.2d 307 (Tex. App.—Waco 1990, no writ); 
Harris County Appraisal Dist. v. Tex. Nat’l Bank of Baytown
, 775 S.W.2d 66 (Tex. App.—Houston [1st Dist.] 1989, no writ); 
Dallas County Appraisal Dist. v. Lal
, 701 S.W.2d 44 (Tex. App.—Dallas 1985, writ ref’d n.r.e.).

Appellants cite several cases in support of their claim that property owners who fail to comply with the administrative review process found in the tax code are precluded from receiving relief in district court. 
 We find none of these cases instructive.  Four of the cases cited by Appellants regard taxpayers that did not obtain review, and therefore, an order from the ARB.  
Robstown Indep. Sch. Dist.
, 706 S.W.2d at 952;
 Hood
, 836 S.W.2d at 329; 
Sierra Stage
, 832 S.W.2d at 192; 
Lal
, 701 S.W.2d at 46.  As the Dallas Court of Appeals stated in 
Lal
, “no order from the Appraisal District or from the . . . Appraisal Review Board exists from which an appeal to district court could be had.”  701 S.W.2d at 46.  The other two cases cited by Appellants address the timeliness of an appeal to the district court and not the timeliness of administrative procedures required to obtain an ARB review and ensuing order.  
Watson
, 795 S.W.2d at 309;
 Tex. Nat’l Bank of Baytown
, 775 S.W.2d at 68.
  
We conclude that Appellees met the jurisdictional requirement set forth in section 42.01 of the tax code.  Appellees have obtained an order from the ARB, thereby exhausting their administrative remedies and establishing a right to appeal.

The only remaining issue is whether Appellees timely appealed the decision of the ARB to district court.  The tax code requires a party seeking review by the district court to file a petition for review “within 45 days after the party received notice that a final order has been entered from which an appeal may be had.”  
Tex. Tax Code Ann.
 § 42.21(a).  The Order Determining Protest was delivered to Appellees’ counsel on July 19, 2001, and they filed their petition for review in the district court on August 7, 2001—well within the forty-five day time-line.

Appellants argue that Appellees did not timely file their petition for review under a theory of constructive notice based on the earliest date of attempted delivery indicated by the post office on the first returned envelope, April 11, 2001.  Appellants rely on two court of appeals cases to assert that six futile attempts at delivery constitute constructive receipt of notice.  
Wright v. Wentzel
, 749 S.W.2d 228, 232 (Tex. App.—Houston [1st Dist.] 1988, no writ);
 MCI Telecomms. Corp. v. Tarrant County Appraisal Dist
., 723 S.W.2d 350, 356 (Tex. App.—Fort Worth 1987, no writ).  
Wright 
is a family law case in which the respondent was served notice of a hearing on temporary orders regarding child custody to be conducted two days later.  749 S.W.2d at 230.  Concerned that the two-day notice was not reasonable, the court rescheduled the hearing for one week later and sent a notice of the rescheduled date by both certified mail and regular mail.  
Id.
 at 232.  The court first noted that the respondent was notified of the original hearing date when she was served with process and had a duty to keep herself informed of trial dates once she had notice that the case was on the court’s docket.  
Id.  
Although the certified letter notifying the respondent of the rescheduled hearing was returned unclaimed, the court held that the respondent was sufficiently notified, stating that notice is sufficient when the address on the notice was valid and could be located by the post office.  
Id
.  In 
MCI
, the notice at issue was properly addressed and actually received by an agent of the taxpayer.  723 S.W.2d at 356.  In that case, an Order Determining Protest was properly addressed to MCI’s Senior Property Tax Representative and signed by someone as an agent of MCI.  
Id
.  Although the Senior Property Tax Representative testified that he never personally received the notice, this court held that the tax appraisal district would not be held liable for MCI’s faulty internal mail system.  
Id
. 

 The instant case is distinguishable from 
Wright 
and 
MCI
 because the Order Determining Protest was sent by certified mail to an address in Gainesville, Texas, that was not the current address of Appellees.  Appellants do not dispute that Appellees moved to Argyle, Texas in the summer of 2000 and did not reside at the address to which the certified letters were sent in April 2001.  Appellants recognize that the order was not delivered to Appellees’ counsel until July 19, 2001, and Appellants’ Chief Appraiser admitted at trial that the order was not received by Appellees’ lawyer until July 19, 2001.

We recognize that under the tax code, there is a presumption of delivery when a notice sent by first-class mail is deposited in the mail.  
Tex. Tax Code Ann.
 § 1.07(c).  However, section 1.07(c) additionally states that this “presumption is rebuttable when evidence of failure to receive notice is provided.”  
Id
.  The certified letter receipts, testimony at trial, and briefs from both parties all indicate that Appellees’ counsel received the notice on July 19, 2001.  This evidence is sufficient to overcome the presumption of delivery which, as case law recognizes, applies to certified mail as well as first-class mail.  
MCI
, 723 S.W.2d at 356; 
Terminix Int’l, Inc. v. Lucci
, 670 S.W.2d 657, 665 (Tex. App.—San Antonio 1984, writ ref’d n.r.e); 
Harris County Appraisal Dist. v. Drever Partners, Inc.
, 938 S.W.2d 196, 197 (Tex. App.—Houston [14th Dist.] 1997, no writ) (limitation period for filing petition for review for ARB decision only begins to run when proper notice is delivered to the appropriate party; Appellants' erroneous delivery of the notice and order did not serve to trigger the forty-five day period for appeal); 
First Union Real Estate Invs. v. Taylor County Appraisal Dist.
, 758 S.W.2d 380, 382-83 (Tex. App.—Eastland 1988, writ denied) (notice to taxpayer property owner’s designated agent regarding determination of protest of taxes did not constitute notice to taxpayer so as to trigger running of time in which taxpayer must file notice of appeal).  Because Appellants met the jurisdictional requirements under section 42.01 of the tax code and filed their petition for review in district court within forty-five days of receipt of the ARB’s determination, we overrule Appellants’ first issue.

Findings of Fact

Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions.  
Anderson v. City of Seven Points
, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer.  
Ortiz v. Jones,
 917 S.W.2d 770, 772 (Tex. 1996); 
Catalina v. Blasdel,
 881 S.W.2d 295, 297 (Tex. 1994).

In determining a “no-evidence” issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez, 
937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (Tex. 1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cazarez,
 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact.  
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

A “no-evidence” issue may only be sustained when the record discloses one of the following:  (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez,
 977 S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)), 
cert. denied
, 526 U.S. 1040 (1999).

In their second issue, Appellants argue that there is no evidence to support the trial court’s finding that Appellees did not reside at the address to which the notice was sent and did not receive the notice until after the deadline for filing the application.  While an erroneous finding of fact on an ultimate fact issue is harmful error, an immaterial finding of fact is harmless and not grounds for reversal.  
Andrews v. Key
, 13 S.W. 640, 641 (Tex. 1890); 
Able v. Able
, 725 S.W.2d 778, 780 (Tex. App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.); 
Vandever v. Goettee
, 678 S.W.2d 630, 635 (Tex. App.—Houston [14th Dist.] 1984, writ ref’d n.r.e.).  An ultimate fact issue, which a trial court is required to enter in its requested written findings of fact following a bench trial, is one that is essential to the cause of action and has a direct effect on the judgment.  
In re Marriage of Edwards
, 79 S.W.3d 88, 94 (Tex. App.—Texarkana 2002, no pet.).  An evidentiary issue, which a trial court is not required to enter in its requested written findings of fact following a bench trial, is one the court may consider in deciding the controlling issue, but is not controlling in itself.  
Id
.

Reading the trial court’s findings of fact and conclusions of law in their entirety, it is apparent that the trial court did not base its judgment on whether the Appellees lived at the address to which the reapplication notice was sent or whether Appellees received the notice after the deadline for filing a reapplication.  Rather, the trial court’s judgment appears to be based on its findings that: 1) the conveyance was not effective until January 6, 2000; 2) the tract of land was owned by the Joseys on January 1, 2000; 3) the use of the land as agricultural land never changed; and 4) the land qualified as agricultural-use land for the year 2000 without the necessity for reapplication.   Furthermore, the disputed finding of fact has no bearing on the trial court’s jurisdiction over this case.  As discussed above, the trial court’s jurisdiction is based on whether Appellees obtained an ARB order and filed a petition for review within forty-five days after receiving the ARB order.  
Tex. Tax Code Ann. 
§ 42.01, 42.21(a).  The timing of Appellees’ receipt of the reapplication notice has no bearing on these factors.  The disputed finding of fact constitutes nothing more than an evidentiary fact, and it cannot be a basis for reversal of the trial court’s judgment.  We overrule Appellants’ second issue. 

Conclusion

Having overruled Appellants’ issues, we affirm the trial court’s judgment.  

DIXON W. HOLMAN

JUSTICE

PANEL B: HOLMAN and GARDNER, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED:  February 5, 2004