*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★ ★ ★ ★

# OPINION

No. 04-09-00026-CV

R.B. **DAUGHTRY** and Ollie L. Daughtry,
Appellants

v.

**ATASCOSA COUNTY APPRAISAL DISTRICT**,
The Atascosa Appraisal Review Board and Its Chairman Herman Huser,
Appellees

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 08-04-0337
Honorable Donna S. Rayes, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   November 4, 2009

AFFIRMED

This is an appeal brought by property owners R.B. and Ollie Daughtry from the grant of a plea to the jurisdiction filed by Atascosa County Appraisal District, the Atascosa Appraisal Review Board, and Chairman Herman Huser (collectively "the District"). We conclude the trial court properly granted the District's jurisdictional challenge; therefore, we affirm the judgment of the trial court.

## BACKGROUND

The facts of this case are undisputed. Bratton owned real property in Atascosa County, Texas, that was leased to the Daughtrys and used for agricultural purposes. The property was designated open-space land by the District pursuant to section 23.54 of the Texas Tax Code. *See* TEX. TAX CODE ANN. § 23.54 (Vernon 2008). On March 26, 2007, the District notified Bratton of the need to re-apply for an open-space valuation for the 2007 tax year. Bratton did not re-apply for the open-space designation and as a result, the open-space designation for the 2007 tax year was lost. Bratton did not protest the District's decision to remove the open-space designation from the property.

The Daughtrys purchased the real property owned by Bratton on July 9, 2007. At the time of their purchase, the Daughtrys were unaware the property had lost its open-space land designation for the 2007 tax year. The Daughtrys did not learn about this change until they received their tax bill from the District, which reflected the property was assessed for taxation at market value. The Daughtrys filed a written notice of protest with the District on February 28, 2008, complaining about the District's decision to remove the open-space land designation from their property for the 2007 tax year.

The District set a date for a protest hearing. On the hearing date the members of the Appraisal Review Board met regarding the Daughtrys' protest. The record reflects that at the meeting a motion was made and passed "to Deny Hearing." The record on appeal is devoid of any evidence that anything further transpired on the hearing date. Thereafter the District advised the Daughtrys that: (1) their 2007 protest was received on February 28, 2008; (2) the deadline for the

protest was July 4, 2007; and (3) "therefore the Appraisal Review Board has denied hearing your protest."

The Daughtrys subsequently filed suit against the District, claiming the District erred in removing the open-space designation from their property for the 2007 tax year. The District responded by filing a plea to the jurisdiction, claiming the trial court lacked subject matter jurisdiction because the Daughtrys neither filed a 2007 application for an open-space appraisal, nor timely protested the removal of the open-space designation. The district court granted the District's plea to the jurisdiction and dismissed the Daughtrys' suit for want of jurisdiction.

### STANDARD OF REVIEW

This court reviews a trial court's determination of subject matter jurisdiction, including its construction of pertinent statutes, *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Cooke County Tax Appraisal Dist. v. Teel*, 129 S.W.3d 724, 727 (Tex. App.—Fort Worth 2004, no pet.). "In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The plaintiff bears the burden of pleading facts that show the district court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). When reviewing a trial court's ruling on a plea to the jurisdiction, we construe the pleadings in favor of the pleader and look to the pleader's intent. *Id.*

"Under the exhaustion of administrative remedies doctrine, failure to comply with the administrative review procedures of the [Tax] Code to their fullest extent precludes judicial review." *Dallas County Appraisal Dist. v. Fund Recovery, Inc.*, 887 S.W.2d 465, 470 (Tex. App.—Dallas

1994, writ denied). "The doctrine of exhaustion of remedies directs that where the legislature has given a person administrative remedies for action by an administrative agency which aggrieves him that person must first exhaust those remedies before he can raise his claims in court." *Dallas County Appraisal Dist. v. Lal*, 701 S.W.2d 44, 46 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). This requirement is jurisdictional. *Fund Recovery, Inc.*, 887 S.W.2d at 470.

### DISCUSSION

The Daughtrys claim they had a right to appeal to the district court because they exhausted their administrative remedies when the appraisal review board advised them that it "denied hearing [their] protest." The District counters that the trial lacked jurisdiction for two reasons: (1) the Daughtrys failed to timely apply for an open-space appraisal for the 2007 tax year; and (2) the Daughtrys failed to timely protest the District's decision to remove the open-space designation from their property for the 2007 tax year. Based on the controlling provisions of the Tax Code, we believe the trial court properly granted the plea to the jurisdiction filed by the District.

Under the Tax Code, a "'person claiming that his land is eligible for appraisal under [the open-space exemption] must file a valid application with the chief appraiser.'" *Cordillera Ranch, Ltd. v. Kendall County Appraisal Dist.*, 136 S.W.3d 249, 254-55 (Tex. App.—San Antonio 2004, no pet.) (citing TEX. TAX CODE ANN. § 23.54 (a)). A property owner claiming his or her property is eligible for appraisal as open-space land must file the application with the chief appraiser before May 1 or, in instances where good cause is shown, at a later time, TEX. TAX CODE ANN. § 23.54 (d), but in all cases before the appraisal review board approves the appraisal records. *Id.* § 23.541 (a) (Vernon 2008). If the property owner fails to file a valid application on time, his or her land is ineligible for an open-space appraisal for that year. *Id.* § 23.54 (e).

A property owner is entitled to protest the determination that his or her property does not qualify for an open-space appraisal. *Id.* § 41.41 (a)(5) (Vernon 2008). If the owner acquires his or her property after January 1 and before the deadline for filing notice of the protest, the owner may pursue a protest in the same manner as a property owner who owned the property on January 1. *Id.* § 41.412 (a) (Vernon 2008). A property owner initiating a protest must file a written notice of protest with the appraisal review board within applicable deadlines or, in instances where good cause is shown, at a later time as long as it is filed before the appraisal review board approves the appraisal records. *Id.* § 41.44 (a), (b). A property owner who has obtained an order of the appraisal review board determining a protest under Chapter 41 is entitled to seek redress in district court following the appraisal board's ruling. *See id.* § 42.01 (1)(A) (Vernon 2008). Section 42.01 of the Tax Code specifically states a property owner is entitled to appeal to the district court "an order of the appraisal review board determining . . . a protest by the property owner as provided by Subchapter C of Chapter 41." *Id.*

In this case, the trial court properly dismissed the Daughtrys' suit because they failed to adhere to the administrative procedures set forth in the Tax Code. It is undisputed by the parties that no application for open-space appraisal was ever filed by the Daughtrys or the previous owner as required by section 23.54 of the Tax Code. *See id.* § 23.54. The parties also do not dispute that the Daughtrys' written notice of protest was filed well after the appraisal review board approved the appraisal records for the 2007 tax year. *See id.* § 41.44 (b). Given these facts, it is clear that the Daughtrys failed to exhaust their administrative remedies, which is a jurisdictional prerequisite to obtaining judicial review.

The Daughtrys nonetheless contend the trial court erred in granting the District's plea to the jurisdiction, citing *Cooke County Tax Appraisal District v. Teel*, 129 S.W.3d 724 (Tex. App.—Fort Worth 2004, no pet.). In *Teel*, our sister court addressed the question of whether taxpayers had properly complied with the procedural requirements of the Tax Code in order to challenge the appraisal district's denial of an agricultural-use valuation on their property. *Id.* at 727-30. The taxpayers purchased agricultural-use property in December 1999, but with an effective date of January 6, 2000. *Id.* at 726. The appraisal district erroneously recorded the transfer date as December 15, 1999 and sent notice to the new owners indicating their property would be assessed for taxation at market value for the 2000 tax year unless they filed a new application for agricultural-use valuation. *Id.* at 727. The taxpayers, however, did not receive the notice until after the deadline for filing the application. *Id.* Upon receiving the notice, the taxpayers filed an application for agricultural-use valuation along with a protest disputing the district's valuation of their property at market value for the 2000 tax year. *Id.* The appraisal review board accepted the taxpayers' protest and application, *id.* at 727, 728, but denied their request to have the property considered agricultural-use property. *Id.* at 727. When the taxpayers received the appraisal review board's final written order, they filed a petition for review with the district court. *Id.* at 726. The district court concluded it had subject matter jurisdiction over the taxpayers' suit and held the taxpayers' land qualified as agricultural-use property for the 2000 tax year. *Id.* at 727.

On appeal, the appraisal district claimed that the trial court lacked subject matter jurisdiction because the taxpayers' protest and application for agricultural-use valuation were untimely. *Id.* at 728. The appellate court, however, concluded the trial court had jurisdiction over the taxpayers' suit. *Id.* at 729. The court stated the appraisal district allowed the taxpayers to file an application for

valuation and protest, which led the appraisal review board to issue an order regarding the protest. *Id.* The court explained that the only prerequisite for the taxpayers to seek judicial review to the district court was an appraisal review board order regarding their protest. *Id.* at 728-29. Therefore, the appellate court declared the trial court had jurisdiction under the circumstances because the record demonstrated the taxpayers had exhausted all of their administrative remedies under the Tax Code prior to the filing of their lawsuit. *Id.* at 729.

The *Teel* decision is distinguishable from the instant case in numerous regards. Unlike the taxpayers in *Teel*, neither the Daughtrys nor their immediate predecessors ever filed an application for open-space appraisal for 2007. Moreover, the District never accepted the Daughtrys' untimely protest. The District specifically advised the Daughtrys that: (1) their 2007 protest was received on February 28, 2008; (2) the deadline for the protest was July 4, 2007; and (3) "therefore the Appraisal Review Board has denied hearing your protest." Lastly, the record is devoid of an "order" from the appraisal review board concerning the Daughtrys' protest. These circumstances are vastly different from those presented in *Teel* and demonstrate the Daughtrys did not exhaust their administrative remedies as required by the Tax Code. Accordingly, we hold the trial court properly granted the plea to the jurisdiction filed by the District and overrule the Daughtrys' first issue.

Finally, the Daughtrys claim the trial court erred by failing to file findings of fact and conclusions of law. However, the Daughtrys' brief fails to explain or develop this contention and the record does not demonstrate how they were harmed by the absence of findings and conclusions. *See* TEX. R. APP. P. 38.1(h) (requiring appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Accordingly, we overrule their second issue.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.


Catherine Stone, Chief Justice