**AFFIRMED and Opinion Filed December 21, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01261-CV

**SITINA ABDU, Appellant**
**V.**
**MESAY HAILU AND ELYAS GEBRESILASSIE, Appellees**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-55610-2016**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Schenck
Opinion by Justice Francis

Sitina Abdu appeals the trial court's orders dismissing without prejudice her fraudulent lien claim against her ex-husband Mesay Hailu and Elyas Gebresilassie. In four issues, Abdu challenges the trial court's ruling that she lacked standing to bring the suit. For the reasons set out below, we affirm.

In February 2015, Abdu sued Hailu for divorce after Hailu went to Ethiopia and did not return. During the divorce proceedings, Abdu learned that the month before Hailu left, he sold the sole asset of a corporation (Mockingbird Skillman Mobil, Inc., "MSM") in which he and Abdu were 50-50 shareholders. The asset was land with a gas station on Mockingbird Lane in Dallas. Proceeds from the sale were used to pay off the first lien on the property and a portion of an alleged

loan made by Gebresilassie to the corporation.[1] Gebresilassie asserts that, over a period of years, he made cash loans to MSM in the amount of $258,500, and the loans were ultimately reduced to a promissory note that was secured by a deed of trust executed in his favor against the corporate property. The proceeds of the sale did not cover the entire amount of the loan, and Gebresilassie agreed to release his lien in exchange for a partial payment of $150,141.93 so the sale could be completed.

As part of her divorce action, Abdu sued Hailu and Gebresilassie for a fraudulent lien under chapter 12 of the Texas Civil Practice and Remedies Code, alleging the sale of the property was an attempt to deplete the community estate. She alleged MSM was a closely-held corporation in which she had an undivided 50 percent interest, and MSM purchased the land and gas station that Hailu later sold. She further alleged Hailu allowed a fraudulent lien to be filed on the property and allowed Gebresilassie to receive payment of $150,141.93 on the fraudulent lien at closing. Abdu sought damages, exemplary damages, and attorney's fees. In her fourth amended petition, Abdu asserted she had "standing to pursue this action as a direct action" under Texas Practice as Remedies Code §§ 12.002 and 12.003; article 5.14(A) and (L) of the Texas Business Corporations Act, and sections 21.551 and 21.563 of the Texas Business Organizations Code.[2]

Gebresilassie filed a motion to dismiss the claim against him for lack of jurisdiction. He asserted his loan to MSM was evidenced by a promissory note which Hailu signed in his capacity as "president and sole owner" of MSM as well as a deed of trust signed by Hailu in his capacity

---

[1] The remaining funds were used to repay the first lien against the property.

[2] The Texas Business Corporations Act has been superseded, and the provisions at issue can now be found at sections 21.551 and 21.563 of the business organizations code. Section 21.551 defines a derivative proceeding, and section 21.563 addresses closely held corporations. *See* TEX. BUS. ORGS. CODE ANN. §§ 21.551, 21.563.

as president of MSM. He attached to his motion the promissory note, deed of trust, and Hailu's affidavit of arm's length transaction executed as part of the sale of the property.

Gebresilassie argued that neither the Texas Business Corporations Act nor the Texas Business Organizations Code conferred standing on Abdu "to sue in her own name and for her own benefit on a cause of action that clearly belongs of MSM, even if she has been directly injured through injury to MSM." Abdu filed a joint response to the motion and a "traditional no-evidence motion for summary judgment." In the response, Abdu alleged she was "provided the cause of action and standing" against Hailu and Gebresilassie under section 12.003(a)(8) of the civil practice and remedies code, presumably as a "person who owns an interest in the real or personal property."[3] Gebresilassie responded that the corporation owned the property, not Abdu.

Following a hearing, the trial court granted Gebresilassie's motion to dismiss for lack of jurisdiction and dismissed Abdu's claim against him without prejudice. Abdu filed a motion to reconsider, which the trial court denied. (Abdu attached evidence to this motion.) A month later, the trial court granted Abdu a default divorce from Hailu and dismissed without prejudice her claim for fraudulent lien against him on the ground she lacked standing. This appeal followed.

In a plea to the jurisdiction, a party may challenge either the plaintiff's pleadings or the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a plea to the jurisdiction challenges the pleadings, as Gebresilassie did here, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id*. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial

---

[3] Section 12.003(a)(8) grants standing in the case of a fraudulent lien to an "obligor or debtor, or a person who owns an interest in the real or personal property." TEX. CIV. PRAC. & REM. CODE ANN. § 12.003(a)(8).

court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Id.* at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 227.

Shareholders of a corporation are not owners of the corporation's assets. *Reid Road Mun. Utility Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 854 (Tex. 2011). A corporate shareholder lacks standing to sue in her own name or for her own benefit on a cause of action belonging to the corporation, even if the shareholder is indirectly injured through injury to the corporation. *Mossler v. Nouri*, No. 03-08-00476-CV, 2010 WL 2133940, at *4 (Tex. App.—Austin May 27, 2010, pet. denied). This applies to closely held corporations and to sole shareholders. *Mossler*, 2010 WL 2133940, at *4. "Relatedly, any recovery on a corporate cause of action must be available to pay the corporations debts." *Id.*

We begin with Abdu's third issue in which she complains the trial court erred in granting Gebresilassie's motion to dismiss based on lack of standing. Abdu appears to argue that because she is a shareholder of a closely held corporation, she has standing to bring a direct action individually and on her own behalf for a fraudulent lien on the corporation's asset. Relying on section 21.563(c) of the business organizations code, Abdu argues that "special rules authorize the trial court, if justice requires, to treat the derivative action as a direct action brought by the shareholder for the shareholder's own benefit, and award recovery directly to that shareholder." *See Sneed v. Weber*, 465 S.W.3d 169, 182 (Tex. 2015).

While we generally agree with this proposition of law, Abdu's argument misses the mark. Nothing in section 21.563(c) or *Sneed* dispenses with the need for a shareholder to bring the suit derivatively or in the name of the corporation. Abdu did not argue below, nor does she on appeal,

–4–

that she brought her claim derivatively, nor has she asked the trial court or this Court to treat her petition as a derivative action.

Abdu's latest petition specifically alleged she had standing to "pursue this action as a direct action." While she may have been entitled to recover directly, "if justice required," she could not bring a direct action. *See Sneed*, 465 S.W.3d at 182. Rather, as stated above, any viable fraudulent lien claim that could have been brought is a claim belonging to the corporation and has to be brought derivatively. *See Mossler*, 2010 WL 2133940, at *4. To the extent Abdu suggests section 12.002 or 12.003(a)(8) of the civil practice and remedies code provides an independent basis for standing under the circumstances of this case, we disagree. Section 12.003(a)(8) allows "a person who owns an interest in the real or personal property" to bring an action to enjoin a violation or seek damages under chapter 12. TEX. CIV. PRAC. & REM. CODE ANN. § 12.003(a)(8). In her original brief, Abdu quoted portions of the language of sections 12.002 and 12.003, but she offered no analysis as to how these provisions provided her standing. In her reply brief, she asserted she has a "beneficial interest" in the corporate assets as a shareholder, which she contends is sufficient for standing. But Abdu has cited us to no authority that would allow us to ignore the law that a shareholder lacks standing to sue in her own name or for her own benefit on a cause of action belonging to the corporation; rather, the action must be brought derivatively.

In short, Abdu is asserting a cause of action individually against Gebresilassie that belongs to MSM and is seeking damages personally for that alleged wrong, even though damages, if any, belong to MSM. Construing her petition liberally, we conclude Abdu's pleadings do not contain sufficient facts to affirmatively demonstrate jurisdiction and instead affirmatively demonstrate an

incurable defect in jurisdiction. Accordingly, the trial court did not err in granting Gebresilassie's motion and dismissing her claim against him.[4] We overrule the third issue.

In her fourth issue, Abdu complains the trial court erred by dismissing her action against Hailu and incorporates her previous argument. For the same reasons set out above, we likewise conclude the trial court did not err in dismissing her suit against Hailu based on lack of standing. We overrule the fourth issue.

In her first and second issues, Abdu raises issues related to the sufficiency of the evidence to support the motion to dismiss or fact findings made by the court. We have concluded the trial court's decision on standing was based on a review of the pleadings; thus, we conclude any findings are not material or necessary to our decision. *See Cooke Cty. Tax Appraisal Dist. v. Teel*, 129 S.W.3d 724, 731 (Tex. App.—Fort Worth 2004, no pet.) (stating immaterial finding of fact is harmless and not ground for reversal). We overrule the first and second issues.

We affirm the trial court's judgment.

/Molly Francis/
_____
MOLLY FRANCIS
JUSTICE

171261F.P05

---

[4] To the extent Abdu has raised any new issues in her reply brief, we do not consider them. *See Dallas County v. Gonzales*, 183 S.W.3d 94,104 (Tex. App.—Dallas 2006, pet. denied).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SITINA ABDU, Appellant

No. 05-17-01261-CV      V.

MESAY HAILU AND ELYAS
GEBRESILASSIE, Appellees

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-55610-2016.
Opinion delivered by Justice Francis;
Justices Stoddart and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MESAY HAILU AND ELYAS GEBRESILASSIE recover their costs of this appeal from appellant SITINA ABDU.

Judgment entered December 21, 2018.