

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00360-CR

———————————————

JASON PEARSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F16-1578-16

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Jason Pearson appeals from his convictions by a jury for sexual assault of a child as enhanced under Section 22.011(f) of the Texas Penal Code and indecency with a child. Tex. Penal Code Ann. §§ 21.11, 22.011(a)(2), (f). The jury assessed his punishment at twenty years' confinement for the indecency-with-a-child offense and life imprisonment for the Section 22.011(f) sexual-assault-of-a-child offense. Pearson challenges both convictions in one of his issues, contending that Code of Criminal Procedure Article 38.37, Section 1—which provides that in cases involving an offense against a child, extraneous-offense evidence by the defendant against the child must be admitted as to relevant matters—is unconstitutional because it violates the Texas Constitution's Separation of Powers provision. Tex. Const. art. II, § 1; Tex. Code Crim. Proc. Ann. art. 38.37, § 1. In his three remaining issues, he challenges only his sexual-assault-of-a-child conviction, contending (1) that the evidence was insufficient to prove the Section 22.011(f) enhancement, (2) that a Section 22.011(f) enhancement instruction is improper at guilt–innocence, or alternatively (3) that the trial court erred by incorrectly charging the enhancement as a special issue rather than as an element of the offense. Because Pearson raises only legal issues, we dispense with a description of the details of the underlying offenses. After considering his complaints, we affirm the trial court's judgment.

**Unconstitutionality of Article 38.37, Article 1 Not Preserved**

In his fourth issue, Pearson contends that Code of Criminal Procedure Article 38.37, Section 1 violates the Texas Constitution's Separation of Powers provision because it legislatively compels trial courts to admit certain evidence. Tex. Const. art. II, § 1; Tex. Code Crim. Proc. Ann. art. 38.37, § 1. Although Pearson did not raise this argument in the trial court, he contends that he was not required to do so, citing the Court of Criminal Appeals's opinion in *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002). But in a later opinion, *Karenev v. State*, the Court of Criminal Appeals held that a facial challenge to the constitutionality of a criminal statute may not be raised for the first time on appeal; instead, it must have been objected to at trial. 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). In so holding, the court overruled its holding in *Rose v. State*, 752 S.W.2d 529, 553 (Tex. Crim. App. 1988) (op. on reh'g), that a facial separation-of-powers challenge to a penal statute could be raised for the first time on appeal. *Karenev*, 281 S.W.3d 428, 434 & n.51; *see Carpenter v. State*, No. 14-09-00499-CR, 2010 WL 4069355, at *2 (Tex. Crim. App.—Houston [14th Dist.] Oct. 19, 2010, pet. ref'd) (mem. op., not designated for publication) (describing *Karenev*'s holding). Because Pearson did not properly preserve this complaint for appeal, we overrule it. *See* Tex. R. App. P. 33.1(a)(1); *Karenev*, 281 S.W.3d at 434.

**Evidence Sufficient to Prove Section 22.011(f) Enhancement**

In his first issue, Pearson complains that the State did not present sufficient evidence at trial to prove that he committed a first-degree felony under Penal Code

3

Section 22.011(f),[1] which provides that a sexual-assault-of-a-child offense—normally a second-degree felony—is a first-degree felony when "the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under [Penal Code] Section 25.01," the bigamy statute. Tex. Penal Code Ann. §§ 22.011(f), 25.01.

At the crux of Pearson's argument is his contention that the State was required to prove that he committed bigamy with the complainant, relying on this court's decision in *Senn v. State*, No. 02-15-00201-CR, 2018 WL 5291889, at *5 (Tex. App.—Fort Worth Oct. 25, 2018) (op. on reh'g), *rev'd sub nom. Lopez v. State*, 600 S.W.3d 43, 49 (Tex. Crim. App. 2020).[2] But in its opinion reversing that decision, the Court of Criminal Appeals held that the State does not have to prove that a defendant actually committed bigamy with the complainant to trigger the Section 22.011(f) enhancement; instead, the State must prove only "that the defendant was legally married to someone other than the victim at the time of the sexual assault." *Lopez*, 600 S.W.3d at 49. Pearson

---

[1]After amendments to the statute in 2019, this is now subsection (f)(1). Act of May 17, 2019, 86th Leg., R.S., ch. 436, § 2. Because the former version was effective when Pearson committed the offenses, we refer to it as Section 22.011(f).

[2]In *Lopez*, the Court of Criminal Appeals disposed of three different appeals involving the same issue. 600 S.W.3d at 48–50.

does not challenge the sufficiency of the evidence to prove that he was married when he committed the offense.[3] Accordingly, we overrule his first issue.

---

[3]Although the evidence is somewhat confusing on this point, the State proved that Pearson was legally married to one of two women at the time of the sexual assault in 2010. He married his first wife in 1994. They separated in 2000, but the trial court did not sign a final divorce decree until April 27, 2007. The decree recited, however, that the divorce had been "judicially PRONOUNCED AND RENDERED in court . . . on March 30, 2005 and further noted on the court's docket sheet on the same date." *See Wittau v. Storie*, 145 S.W.3d 732, 735 (Tex. App.—Fort Worth 2004, no pet.) (per curiam) (noting that a judgment typically has three stages—rendition, signing, and entry—and that a "judgment is rendered when the trial court officially announces its decision—either in open court or by written memorandum filed with the clerk—on the matter submitted for adjudication").

Pearson married his second wife on August 6, 2005, after the trial court had pronounced and rendered the divorce but over a year before the trial court signed the divorce decree. *See* Tex. Fam. Code Ann. § 6.801(a) ("[N]either party to a divorce may marry a third party before the 31st day after the date the divorce is decreed."); *Galbraith v. Galbraith*, 619 S.W.2d 238, 240 (Tex. App.—Texarkana 1981, no writ) (holding under prior version of statute that remarriage thirty days after oral rendition of divorce but less than thirty days after signing of decree was valid). He separated from his second wife in 2008, but they were never divorced. A friend told them that their marriage had never been valid and was "null and void."

When Pearson separated from his second wife, he moved back in with his first wife. They did not formally remarry but lived as husband and wife and told people they were married until at least 2016. *See* Tex. Fam. Code Ann. § 2.401; *Lewis v. Anderson*, 173 S.W.3d 556, 559–62 (Tex. App.—Dallas 2005, pet. denied) (holding that parties were married under Family Code Section 2.401 when, after divorcing, they lived together as married and held themselves out as married for the next twenty years). When Pearson was charged with these offenses, his first wife again filed for and obtained a divorce. Thus, Pearson was either still legally married to his second wife when he committed the sexual assault (if that marriage was valid because the trial court had actually rendered a divorce from his first wife), or he had never been legally married to the second wife but was married to his first wife in accordance with Family Code Section 2.401. Regardless, as we have mentioned, he does not appear to dispute the sufficiency of this evidence to show that he was married in 2010 when he committed the sexual assault.

**Section 22.011(f) Enhancement Properly Included in Guilt–Innocence Charge**

In his second issue, Pearson contends the trial court erred by including an instruction on the Section 22.011(f) enhancement in the jury charge on guilt–innocence because it is solely a punishment issue. In his third issue, he contends that if the trial court properly included the instruction in the guilt–innocence charge, it improperly charged it as a special issue rather than as an element of the offense. We discuss these issues together.

Potential jury-charge error is not subject to the usual preservation requirements; we must consider all alleged jury-charge errors, but we apply a different harm standard depending on whether the complained-of error was objected to. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

**Jury charge**

The pertinent parts of the guilt–innocence jury charge in this case read as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 31st day of October, 2010, in Denton County, Texas, the defendant, JASON PEARSON, did then and there intentionally or knowingly cause the penetration of the sexual organ of [the complainant], a child who was then and there younger than 17 years of age and not the spouse of the defendant, by defendant's sexual organ[,] then you will find the defendant guilty of Sexual Assault, as charged in Count II of the indictment.
>
> If you do not so believe, or if you have a reasonable doubt thereof, you will find the Defendant not guilty as to Count II of the indictment.
>
> . . . . [four pages of general instructions]

6

## VERDICT FORM - COUNT II
*(Presiding Juror to sign only one)*

We, the jury, find the defendant, JASON PEARSON, guilty of the offense of Sexual Assault of a Child, as alleged in Count II of the indictment.

. . . .

## SPECIAL ISSUE

If you have found the Defendant guilty of Sexual Assault of a Child as alleged in Count II of the indictment, then consider and answer the following Special Issue. If not, do not consider the following Special Issue.

1.

It is alleged in Count II of the indictment that at the time the alleged Sexual Assault of a Child was committed, [the complainant] was a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married under Section 25.01 of the Texas Penal Code.

2.

Under Section 25.01 of the Texas Penal Code, an individual commits an offense if:

(1) he is legally married and he:
a. purports to marry or does marry a person other than his spouse in this state, or any other state or foreign country, under circumstances that would, but for the actor's prior marriage, constitute a marriage; or
b. lives with a person other than his spouse in this state under the appearance of being married; or

(2) he knows that a married person other than his spouse is married and he:
a. purports to marry or does marry that person in this state, or any other state or foreign country, under circumstances

7

that would, but for the person's prior marriage, constitute a marriage; or

b. lives with that person in this state under the appearance of being married.

"Under the appearance of being married" means holding out that the parties are married with cohabitation and an intent to be married by either party.

"Spouse" means a person who is legally married to another.

It is a defense to bigamy that the actor reasonably believed at the time of the commission of the offense that the actor and the person whom the actor married or purported to marry or with whom the actor lived under the appearance of being married were legally eligible to be married because the actor's prior marriage was void or had been dissolved by death, divorce, or annulment. For purposes of this subsection, an actor's belief is reasonable if the belief is substantiated by a certified copy of a death certificate or other signed document issued by a court.

### Verdict Form– Special Issue

Do you unanimously find from the evidence beyond a reasonable doubt that at the time the Sexual Assault of a Child alleged in Count II of the indictment was committed, [the complainant] was a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married under Section 25.01 of the Texas Penal Code?

Count II of the indictment had been amended to allege

that JASON PEARSON, on or about the 31st day of October, 2010, and anterior to the presentment of th[e] indictment, in the County of Denton and State of Texas, did then and there intentionally or knowingly cause the penetration of the sexual organ of [the complainant,] a child who was then and there younger than 17 years of age and not the spouse of the defendant and a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married under Section 25.01 of the Texas Penal Code, by defendant's sexual organ.

8

**Applicable law and analysis**

Pearson contends that Section 22.011(f) is a punishment-enhancement statute; therefore, it is an issue that should be included in the charge and decided by the jury during the punishment phase only. He objected to the charge on this basis, but the trial court overruled his objection.

Although the Texas Court of Criminal Appeals has never expressly addressed this complaint, it did examine a similar guilt–innocence jury charge for error in *Arteaga v. State*, 521 S.W.3d 329, 331–33, 338 (Tex. Crim. App. 2017). In that case, in which the jury was charged the same way as the jury in this case, the intermediate appellate court had specifically addressed the guilt–innocence charge's propriety:

> It is important to clarify that section 22.011(f) is not a punishment enhancement, but an actual element required to be proven at the guilt-innocence phase for enhancement. However, based on Special Issue # 1, the jury did not convict Arteaga without finding every necessary element of the offense. Based on the jury charge submitted, the State proved every element of sexual assault of a child as *well as* the enhancement element. The dissent briefly addresses the special issue that was submitted to the jury along with the charge, but finds the jury must have been confused. The jury was not confused and affirmatively believed that Arteaga was prohibited from marrying Doe, his daughter. It was not an oversight by the trial court. That enhancement element was specifically submitted as a special issue to make sure the jury affirmatively believed it to be true. Special issues are submitted in a variety of criminal cases along with the jury charge at the guilt–innocence phase to make sure enhancement elements were proven, such as sexual assault or aggravated assault cases. *See* Tex. Penal Code Ann. §§ 22.011, 22.021, 22.02. It was properly done here, and by doing so, the trial court had assurance the jury believed the State had proved each and every element required from the indictment. The State did not charge Arteaga with bigamy and should not have been required to prove the existence of a bigamous relationship, an element not

9

> contained in the indictment, in order to get the enhancement range of punishment.

511 S.W.3d 675, 691 (Tex. App.—Corpus Christi–Edinburg 2015), *rev'd on other grounds*, 521 S.W.3d at 338, 341. The Court of Criminal Appeals examined the entire jury charge and held that there was error only in including a Texas Family Code consanguinity instruction in the abstract part of the charge because such an instruction was not law applicable to the case. 521 S.W.3d at 338. Although it examined the jury charge as a whole, the court did not note that it improperly included Section 22.011(f) as a special issue. *Id.*

Additionally, even though the Court of Criminal Appeals found error and resulting egregious harm from the inclusion of the Family Code consanguinity instruction—largely because the evidence conclusively proved that Arteaga was not married at the time of the offense and thus was not prohibited from marrying his victim under Texas Penal Code Section 25.01—it reformed the conviction to second-degree felony sexual assault and remanded the case for resentencing within the punishment range for that offense. *Id.* at 340–41. The court reasoned that "in finding Arteaga guilty of first-degree felony sexual assault, the jury must have necessarily found that he also committed second-degree sexual assault," and it noted that "the record shows that, if Arteaga had originally been convicted of the lesser-included offenses, there is sufficient evidence to support those convictions." *Id.* This holding—which focuses on which offense Arteaga had been convicted of and not on whether his punishment had been

10

improperly enhanced—is consistent with the conclusion that Section 22.011(f) is not an issue to be decided at punishment, but rather, that it is an issue properly presented to the jury at guilt–innocence. *Cf. Hartzell v. State*, No. 02-17-00140-CR, 2018 WL 6694924, at *3 (Tex. App.—Fort Worth Dec. 20, 2018, no pet.) (reversing conviction and remanding for new trial when punishment-only enhancement issue litigated at guilt–innocence); *Durham v. State*, No. 05-17-00561-CR, 2018 WL 3135146, at *1 (Tex. App.—Dallas June 27, 2018, no pet.) (mem. op., not designated for publication) (same).

Additionally, the language of Section 22.011(f)—that the offense "is a first degree felony" upon a showing of the required proof—comports with the same conclusion. *See Oliva v. State*, 548 S.W.3d 518, 526–27 (Tex. Crim. App. 2018); *cf. Mayes v. State*, No. 06-19-00026-CR, 2019 WL 4724555, at *1 (Tex. App.—Texarkana Sept. 27, 2019, pet. ref'd) (mem. op., not designated for publication) (noting that state-jail felony delivery of marijuana, when enhanced by being committed within 1,000 feet of a school, was not merely punishable as a third-degree felony but "became a third-degree felony"); *Holoman v. State*, No. 12-17-00364-CR, 2018 WL 5797241, at *3–4 (Tex. App.—Tyler Nov. 5, 2018, pet. granted) (op. on reh'g) (mem. op., not designated for publication) (holding same with regard to misdemeanor family-violence assault enhanced to third-degree felony by proof of impeding breath or blood circulation).

Based on the foregoing, we conclude that the trial court did not err by including the Section 22.011(f) instruction in the guilt–innocence charge rather than charging it solely as a punishment issue. We overrule Pearson's second issue.

Pearson next argues that if the Section 22.011(f) instruction was properly included in the guilt–innocence charge, the trial court nevertheless reversibly erred by charging it as a special issue rather than as an element of the offense. Pearson did not raise this complaint in the trial court. Thus, if the trial court did err, we would reverse only if the error resulted in egregious harm. *See Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19. Errors that result in egregious harm are those "that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011).

We need not address the propriety of charging the Section 22.011(f) enhancement as a special issue because, regardless, Pearson cannot show that he was egregiously harmed. He argues that the charge omitted an element of the offense, that the instructions in the abstract paragraph were incorrect and misleading, and that the charge did not require the jury to find all elements of the offense before convicting him. But the charge as a whole required the jury to find all the elements of second-degree felony sexual assault as well as the required finding in Section 22.011(f). Tex. Penal Code Ann. § 22.011(b), (f). The charge is not misleading, nor does it misstate what the jury was required to find. It does not include any superfluous instructions. Nothing indicates the jury was confused or that the order of the charge could have led to a

12

nonunanimous verdict on all the elements. The defense would not have had to change its theories or defend against different evidence because of the wording and order of the charge. Thus, we conclude that even if charging the Section 22.011(f) enhancement as a special issue was error, Pearson was not egregiously harmed. *See Taylor*, 332 S.W.3d at 490; *Almanza*, 686 S.W.2d at 174.

We overrule Pearson's third issue.

## Conclusion

Having overruled Pearson's four issues, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  September 3, 2020